TYLER R. ANDREWS
Nevada Bar No. 9499
andrewst@gtlaw.com
MOOREA L. KATZ
Nevada Bar No. 12007
katzm@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Fax: (702) 792-9002
Attorneys for Defendant
*Global Tel\*Link Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALICE LEE, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br>vs.<br><br>GLOBAL TEL\*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Court Case No.<br><br>District Court Case No. A-14-710805-C<br>District Court Dept. No. XXVII<br><br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (c) |

Pursuant to the provisions of 28 U.S.C. § 1441(a) & (c) and 28 U.S.C. § 1446, Defendant Global Tel\*Link Corporation ("Defendant" or "GTL"), by and through its counsel, files this notice of removal from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. In support of removal, defendant states as follows:

1. The above-entitled action was commenced in the Eighth Judicial District Court, in and for Clark County, Nevada, Case No. A-14-710805-C and is now pending in that court ("State Court Action").

2. Plaintiff Alice Lee, commenced the State Court Action by filing a complaint ("Complaint") on December 8, 2014. (A copy of the Complaint is attached hereto as **Exhibit A**.)

1

3. The Complaint was served on defendant Global Tel*Link Corporation ("GTL") on December 23, 2014.

4. No further proceedings have been filed in the State Court Action.

5. On its face, the Complaint alleges that GTL violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

6. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(a) and (c) in that it asserts alleged violations of 47 U.S.C. § 227, and therefore presents a federal question.

7. This Court has jurisdiction over the Complaint's claims that arise under state law because a federal question predominates this action and the federal and state law claims arise from the same nucleus of operative fact and comprise but one constitutional case. See 28 U.S.C. §§ 1367, 1441(c).

8. This Court is the proper venue for the removal of this action because it is the district court of the United States for the district and division embracing the place where the action is pending. See 28 U.S.C. § 1441(a).

9. Thirty days have not elapsed since defendant GTL was served with the Complaint.

10. Pursuant to Section 28 U.S.C. § 1441, defendant is entitled to remove this action to this Court.

11. A true and correct copy of this Notice of Removal is being served on all named parties to this suit that have lodged an appearance in the State Court Action and filed this date with the Clerk of the Eighth Judicial District Court.

12. If any question arises as to the propriety of this removal, defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment

LV 420373781v1

of defendant's right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to defendant.

Based on the foregoing, defendant hereby removes the State Court Action to this Court.

DATED this 12th day of January, 2015.

GREENBERG TRAURIG, LLP

BY: /s/ Moorea L. Katz
TYLER R. ANDREWS
Nevada Bar No. 9499
andrewst@gtlaw.com
MOOREA L. KATZ
Nevada Bar No. 12007
katzm@gtlaw.com
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169

*Attorneys for Defendant*
*Global Tel\*Link Corporation*

3

LV 420373781v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (b)** on:

Scott A. Marquis, Esq.
smarquis@maclaw.com
Candice E. Renka, Esq.
crenka@maclaw.com
Attorneys for Plaintiff

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

**VIA CM/ECF E-FILING SYSTEM THROUGH E-SERVICE**

DATED this 12thday of January, 2015.

_____
An employee of Greenberg Traurig, LLP

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

4

LV 420373781v1

# EXHIBIT A

Electronically Filed
12/08/2014 09:10:07 AM

CLERK OF THE COURT

1 **Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
2 Nevada Bar No. 6407
Candice E. Renka, Esq.
3 Nevada Bar No. 11447
10001 Park Run Drive
4 Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5 Facsimile: (702) 382-5816
smarquis@maclaw.com
6 crenka@maclaw.com
   Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ALICE LEE, individually and on behalf of all persons similarly situated,<br><br>                       Plaintiff,<br>vs.<br><br>GLOBAL TEL*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                       Defendants. | Case No.: A-14-710805-C<br>Dept. No.: XXVII<br><br><br>**ARBITRATION EXEMPTION REQUESTED:**<br><br>**CLASS ACTION** |

## COMPLAINT

      Plaintiff, ALICE LEE, individually and on behalf of all persons similarly situated (hereinafter "Plaintiff") by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

### PARTIES

      1.    Plaintiff is an individual person and consumer who resides in Clark County, Nevada.

      2.    Plaintiff brings this action on behalf of herself and all persons similarly situated.

      3.    Defendant GLOBAL TEL*LINK CORPORATION is a Delaware corporation, doing business in Clark County, Nevada.

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

4. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

6. Nevada state courts have general jurisdiction over claims arising under the TCPA. Edwards v. Direct Access, LLC, 121 Nev. 929, 932, 124 P.3d 1158, 1160 (2005).

7. Even if the damages under the TCPA do not meet the district court's jurisdictional threshold, if the plaintiff seeks injunctive relief, the injunctive relief claim triggers the district court's original jurisdiction over all claims. Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 324, 130 P.3d 1280, 1284 (2006).

8. Venue is proper in the Eighth Judicial District Court, Clark County, Nevada because Defendant conducted business in Clark County by using an automated telephone dialing system to make a telemarketing call to Plaintiff's cell phone without prior written, express consent. Plaintiff received the automated call while in Clark County, Nevada.

## NATURE OF THE ACTION

9. This is a proposed class action brought on behalf of consumers that received telemarketing calls to their cell phones made by an automated telephone dialing system ("ATDS") by or on behalf of Defendants, for which calls the Defendants never obtained express, written consent from the consumers.

10. Plaintiff alleges that Defendant's use of an ATDS to make telemarketing phone calls to consumers' cell phones without prior express, written consent violates the Telephone

Page 2 of 10

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Nevada Deceptive Trade Practices Act, ("NVDTPA"), NRS Chapter 598. Moreover, a violation of the TCPA is a *per se* violation of the NVDTPA. NRS 598.023(3).

11. The TCPA, as interpreted by Federal Communications Commission ("FCC") prohibits the use of an ATDS to make telemarketing calls to consumers' cell phones unless the consumer has provided express, written consent.

12. Plaintiff brings this action in her individual capacity and on behalf of the classes of persons similarly situated, as defined below.

## GENERAL ALLEGATIONS

13. On or about September 12, 2014, Plaintiff received a prerecorded call from Global Tel*Link informing her to pay money to fund her account so that she could receive calls from an inmate.

14. The call came from 800-483-8314 to Plaintiff's personal cell phone, while Plaintiff was in Clark County, Nevada.

15. The prerecorded message stated, "This is GTL Advanced Pay Services. To receive collect calls from an inmate at a correctional facility you must first fund a prepaid calling account or apply funds to an existing account. Press 1 to hear this message again or press 2 to add funds to your account."

16. Upon information and belief, the call was made using an ATDS.

17. The call was a telemarketing call.

18. Plaintiff has never provided Defendants express, written consent to receive telemarketing calls made by an ATDS to her cell phone.

19. Defendant knew or should have known that it did not have the prior express, written consent of Plaintiff or any other members of the classes to use an ATDS to make telemarketing calls to their cell phones.

20. As a result of Defendant's conduct, class members have suffered damages in that they have been charged by their cell phone carrier for minutes, time, or usage for the calls made by Defendant.

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

21. As a result of Defendant's conduct, class members have suffered a violation of their right to privacy.

## CLASS ALLEGATIONS

### NATIONAL CLASS

22. Plaintiff brings this action pursuant to NRCP 23 as a class action on behalf of herself and on behalf of a National Class defined as:

> ALL PERSONS RESIDING IN THE UNITED STATES WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANT, WHO HAD NOT PROVIDED DEFENDANT EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

23. Plaintiff and members of the National Class received telemarketing calls to their cell phones, made by an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such calls, within the four years prior to the date of the filing of this Complaint, in violation of the TCPA.

### NEVADA CLASS

24. Plaintiff also brings this action on behalf of a Class comprised of Nevada residents ("Nevada Class") defined as:

> ALL PERSONS RESIDING IN NEVADA WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANT, WHO HAD NOT PROVIDED DEFENDANT EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

25. Plaintiff and members of the Nevada Class received telemarketing calls to their cell phones, made by an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such calls, within the four years prior to the date of the filing of this Complaint, in violation of the NVDTPA.

26. The requirements for maintaining this action as a class action under Rule 23 of the Nevada Rules of Civil procedure are satisfied:

27. **NUMEROSITY:** It is impracticable to bring all members of the National Class and the Nevada Class (collectively, "Class Members") before the Court. Plaintiff estimates that

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

there are thousands of Class Members, geographically spread throughout the United States, and that their identities can be ascertained from Defendant's books and records. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

28. **COMMONALITY:** There is a well-defined commonality of interest in the questions of law and fact involving Class Members in that all Class Members received telemarketing calls, made by an ATDS, to their cell phones, from Defendant in violation of the TCPA and NVDTPA.

29. **PREDOMINANCE:** There are questions of law and fact common to the Class Members, which are identical for each Class Member and which predominate over the questions affecting the individual Class Members, if any, which include:

   a. Whether Defendant violated the TCPA and the NVDTPA when using an ATDS to make telemarketing calls to Class Members' cell phones without express, written consent;
   b. Whether Defendant used an ATDS to make the calls;
   c. Whether the calls were telemarketing calls;
   d. Whether the calls were made to Class Members' cell phones;
   e. Whether the Class Members provided express, written consent to receive the calls;
   f. Whether Plaintiff and Class Members are entitled to damages under the TCPA;
   g. Whether Plaintiff and Class Members are entitled to damages under the NVDTPA;
   h. Whether Plaintiff and Class Members are entitled to treble damages under the TCPA; and
   i. Whether Plaintiff and Class Members are entitled to injunctive relief under the TCPA;

30. **TYPICALITY:** The claims of the Plaintiff are typical of the Class Members in that Plaintiff is informed and believes that each Class Member received a telemarketing call from Defendant, made using an ATDS to their cell phone without having provided express, written

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

consent to Defendant. Also, there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in state court. In this action, Plaintiff and the Class Members seek an injunction prohibiting Defendant's using an ATDS to make telemarketing calls to consumers' cell phones without express, written consent; damages; attorney fees; and costs incurred in the prosecution of this action.

31. **ADEQUACY:** Plaintiff is willing to devote the time necessary to serve as representative of the National Class and the Nevada Class and work with class counsel. Plaintiff's attorneys are experienced and knowledgeable in class action litigation in Nevada, and they will fairly and adequately represent the interests of the National Class and the Nevada Class and have no interests antagonistic to the class.

32. **SUPERIORITY:** There is no plain, speedy or adequate remedy other than maintenance of this class action since Plaintiff is informed and believes that a class action is superior to any other available means for the adjudication of this controversy.

   a. This action will cause an orderly and expeditious administration of the Class Member's claims. A class action will save time, effort and expense, and will ensure uniformity of decisions at the lowest cost and with the least toll on judicial resources.

   b. Because the loss suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class Members to individually seek redress. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

   c. Hence, a class action is the only feasible means of recovery for the Class Members. Furthermore, without a class action, Class Members will continue to suffer damages and Defendant will continue to violate federal and state law, retaining and reaping the proceeds of their wrongful marketing practices.

Page 6 of 10

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

33. **MANAGEABILITY:** There are no manageability problems due to variations in state laws or choice of law provisions, because the TCPA applies to the claims of all the Class Members asserted herein, and Nevada law applies to the Nevada Class. Further, the evidence proving Defendant's violation of the statutes is ascertainable through discovery. The identities of the Class Members are known by Defendants, and damages can be calculated from Defendant's records. Thus, this action poses no unusual difficulties that would impede its management by the Court as a class action.

## FIRST CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act 47 USC § 227 et seq.)

34. Plaintiff repeats and realleges the above paragraphs as though fully stated herein.

35. Defendant used an ATDS to make telemarketing calls to the Class Members' cell phones without express, written consent from the Class Members.

36. By using an ATDS, Defendant was able to effectively send thousands of telemarketing calls to thousands of consumers' cell phone numbers.

37. Defendant's calls were made using an artificial prerecorded voice. By using an ATDS and a prerecorded message, Defendant was able to simultaneously call thousands of wireless customers without any human intervention and at very little cost to Defendant.

38. Upon information and belief, Defendant itself used the ATDS to make the calls or had a high degree of involvement in the making of the calls. For example, Defendant:

    a. Knew that the calls were being made with an ATDS;

    b. Knew that the calls were telemarketing calls;

    c. Knew that the calls were being made to Class Members' cell phones;

    d. Knew that the Class Members had not provided express, written consent to receive such calls;

    e. Participated in preparing the content of the calls or messages;

    f. Provided or obtained the cell numbers of the Class Members; and

    g. Received compensation for or a benefit from making such calls.

39. As a result of Defendant's conduct, Plaintiff and the Class Members have suffered damages by being charged by their cell phone carriers for the minutes, time, or usage for the calls made by Defendant.

40. As a result of Defendant's conduct, Class Members have suffered a violation of their right to privacy.

## SECOND CLAIM FOR RELIEF

### (Violation of the Nevada Deceptive Trade Practices Act NRS Chapter 598)

41. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

42. Defendant willfully and knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services. NRS 41.600; NRS 598.0923(3).

43. Defendant engaged in a deceptive trade practice.

44. As a direct and proximate result of Defendant's deceptive trade practice, Plaintiff and Nevada Class Members have suffered damages in an amount to be proven at trial.

45. Plaintiff and Nevada Class Members are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs. NRS 41.600.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

46. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

47. A genuine dispute exists between the parties regarding the Defendant's illegal calls to Plaintiff and Class Members.

48. The interests of the parties are adverse.

49. This Court should declare that based upon the Defendant's violation of federal and Nevada law, that Plaintiff and Class Members are entitled to $500 damages per call, treble damages for each call, injunctive relief, attorney fees, and costs.

50. It has become necessary for Plaintiff and Class Members to engage the services of an attorney to prosecute this action; therefore, Plaintiff and Class Members are entitled to costs and attorney fees as special damages.

## FOURTH CLAIM FOR RELIEF

### (Attorney Fees as Special Damages)

51. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

52. As a direct and proximate result of Defendant's conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. Certification of the National Class and Nevada Class;

2. A Declaration that Defendant has violated the TCPA because it failed to obtain express, written consent to make the calls to Plaintiff or the Class Members;

3. Judgment in the amount of $500 for Plaintiff and each member of the National Class and the Nevada Class for statutory damages for each call received by them from Defendant;

4. Judgment in the amount equal to three times the damages to Plaintiff and the Class Members under the TCPA;

5. Granting extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will stop making the illegal calls;

///

///

///

6. For an award of reasonable attorney fees and costs of suit; and

7. For any further relief as the Court deems to be just and proper.

Dated this 8th day of December, 2014.

                                        MARQUIS AURBACH COFFING

By    */s/ Candice E. Renka, Esq.*
       Scott A. Marquis, Esq.
       Nevada Bar No. 6407
       Candice E. Renka, Esq.
       Nevada Bar No. 11447
       10001 Park Run Drive
       Las Vegas, Nevada 89145
       Attorneys for Plaintiffs

MAC:13813-002 2383212_1 12/8/2014 9:04 AM

**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
  Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ALICE LEE, individually and on behalf of all persons similarly situated, <br><br> Plaintiff, <br> vs. <br><br> GLOBAL TEL*LINK CORPORATION, a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | |

### INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

ALICE LEE ................................................................................................ $270.00

**TOTAL REMITTED** ................................................................................ $270.00

Dated this 8th day of December, 2014.

MARQUIS AURBACH COFFING

By  /s/ Candice E. Renka, Esq.
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiffs

Page 1 of 1

MAC: 2389244_1 12/8/2014 9:03 AM