**MARQUIS AURBACH COFFING**
CANDICE E. RENKA (SBN 264375)
crenka@maclaw.com
10001 Park Run Dr.
Las Vegas, Nevada 89145
Telephone: (702) 382-0711 / Fax: (702) 382-5816

**LESTER & ASSOCIATES**
PATRIC A. LESTER (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #385
San Diego, CA 92108
Telephone: (619) 665-3888 / Fax: (314) 241-5777

**KEOGH LAW, LTD**
TIMOTHY J. SOSTRIN (*admitted pro hac vice*)
TSostrin@KeoghLaw.com
55 W. Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092 / Fax: (312) 726-1093
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ALICE LEE, individually and on behalf of all persons similarly situated,

Plaintiff

v.

GLOBAL TEL*LINK CORPORATION, a Delaware Corporation

Defendant,

Case No. 2:15-cv-2495-ODW-PLA

**FIRST CONSOLIDATED CLASS ACTION COMPLAINT**

Action Filed: December 5, 2014
Trial: None Set

---

DAVID W. MARTIN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

GLOBAL TEL*LINK CORPORATION, a Delaware Corporation

Defendant.

Case No. 2:15-cv-03464-ODW-PLA

## INTRODUCTION

1. The plaintiffs in these consolidated actions, Alice Lee ("Lee") and David Martin ("Martin"), seek redress under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") from Global Tel*Link Corporation ("GTL" or "Defendant") for its practice of placing pre-recorded robocalls to their cellular telephone numbers without their prior express consent.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 47 U.S.C. §227. Venue in this district is proper because Defendant GTL is a foreign corporation that transacts business in this district and is subject to personal jurisdiction in this district.

## THE TCPA

3. When Congress enacted the TCPA, it found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

4. The Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, has also recognized that the TCPA's protections regarding robocalls to cellular telephones were enacted because wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014 (2003).

5. The TCPA thus makes it unlawful to make any call using a "pre-recorded voice" to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

//

## PARTIES

6. Martin is an individual and a resident of Alameda County, California.

7. Lee is an individual and a resident of Clark County, Nevada.

8. Martin and Lee are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. §153(39).

9. GTL is a Delaware corporation with its principal offices in Reston, Virginia.

10. GTL is registered with the California secretary of state and does business in this District.

## GTL'S PRERECORDED ROBOCALLS

11. GTL provides "collect call" services for inmates at over 2,100 correctional facilities across the country.

12. GTL makes money by charging the recipients of calls placed by inmates a fee for each collect call that they receive from an inmate.

13. In order for GTL to charge and collect these fees, the call recipient must first establish and fund an account with GTL, from which GTL can deduct charges as they accrue with each call.

14. Thus, when an inmate places a phone call to a telephone number that is not associated with a GTL account or is associated with an unfunded GTL account, GTL advises the inmate that it cannot complete the call and terminates the call. GTL's automated dialing system then places multiple subsequent robocalls to the same telephone number, advising the recipient in a prerecorded message that an inmate attempted to place collect calls to that number, and soliciting the recipient to set up or fund an account with GTL so that the recipient can pay to receive the inmate's calls.

15. In 2010, GTL petitioned the FCC to exempt these robocalls from the TCPA's requirement that GTL have the "prior express consent of the called party."

16. In this petition, GTL admitted that these calls are "automated" and "are not dialed by a human".

17. On July 10, 2015, the FCC partially granted GTL's requested exemption. The FCC stated that the exemption would apply only to calls that comply with certain enumerated conditions, including (1) that the calls "shall not be charged to the called party" and (2) that each call "must include information on how to opt out of future calls."

18. The GTL calls that are at issue in this case do not comply with these requirements. They are therefore not exempt from the TCPA's requirements.

**FACTS SPECIFIC TO PLAINTIFF MARTIN**

19. Between July and September 2014, GTL's automatic telephone dialing system ("ATDS") placed numerous robocalls to Martin's personal cellular telephone number.

20. These robocalls came from GTL's phone number, 800-483-8314.

21. Each of these robocalls used a prerecorded message stating that the message was from GTL regarding calls from an inmate at a correctional facility and soliciting Martin to pay GTL if he wished to receive these calls.

22. These prerecorded messages did not include any information on how to opt out of future calls.

23. Martin attempted to stop the robocalls numerous times, but was unable to speak to a live operator at GTL.

24. In addition, Martin repeatedly declined to accept collect calls from the offender at the correctional facility when the offender called, but the robocalls from GTL soliciting Martin to pay for the calls continued.

25. GTL did not have Martin's prior express consent to place these calls.

26. Martin was charged for the calls because the cellular telephone service provider for his cellular telephone number charged for incoming calls.

27. GTL's calls also invaded Martin's privacy, diminished the battery life on his cellular telephone, and wasted the data storage on his cellular telephone.

//

## FACTS SPECIFIC TO PLAINTIFF LEE

28. On or around September 12, 2014, GTL's ATDS placed a robocall to Lee's personal cell phone.

29. This robocall came from GTL's phone number, 800-483-8314.

30. This robocall used a prerecorded message, which stated that in order for Lee to receive collect calls from an inmate at a correctional facility, she needed to first fund a prepaid calling account or apply funds to an existing account.

31. This prerecorded message did not include any information on how to opt out of future calls.

32. GTL did not have Lee's prior express consent to place this call.

33. Lee was charged for the call, as the cellular telephone service provider charged for incoming calls.

34. GTL's calls also invaded Lee's privacy, diminished the battery life on her cellular telephone, and wasted the data storage on her cellular telephone.

## CLASS ALLEGATIONS

35. Considering GTL's size and business practices, Plaintiffs allege on information and belief that GTL sent virtually identical prerecorded robocalls to the cellular telephone numbers of thousands of persons who also did not provide prior express consent.

36. Plaintiffs therefore seek certification of a class of similarly situated individuals, defined, subject to amendment, as follows:

> (1) All persons residing in the United States (2) to whose cellular telephone number (3) GTL placed a non-emergency telephone call (4) between December 5, 2010 and December 25, 2014 (5) using an automatic telephone dialing system or an artificial or prerecorded voice (6) that requested the called party to either set up or fund an account in order to receive calls from an inmate at a correctional facility (7) and which did not include information on how to opt out of future calls.

37. Plaintiffs also seek certification of the following subclasses of similarly situated individuals, defined, subject to amendment, as follows:

//

Subclass
(1) All persons residing in the United States (2) to whose cellular telephone number (3) GTL placed a non-emergency telephone call (4) between December 5, 2010 and December 25, 2014 (5) using an automatic telephone dialing system or an artificial or prerecorded voice (6) that requested the called party to either set up or fund an account in order to receive calls from an inmate at a correctional facility (7) and which did not include information on how to opt out of future calls, (8) after the called party had declined to accept calls from the inmate.

38. The Class and subclass are so numerous that joinder is impracticable. Considering GTL's size and business practices, there are, on information and belief, thousands of members of the class and subclass. The joinder of all Class members is impracticable due to the size of the class and subclass. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.

39. The Class and subclass are easily identified through records maintained by Defendant and third parties.

40. For the Class and subclass, there are questions of law and fact common to the members, which predominate over any questions that affect only individual class members. These common questions include:

a. Whether GTL used an automatic telephone dialing system or an artificial or prerecorded voice;
b. Whether GTLS had prior express consent of the called parties;
c. Whether GTL's conduct was knowing and/or willful;
d. Whether Plaintiffs are entitled to injunctive relief; and
e. Whether GTL's calls provided the required opt out information.

41. The Plaintiffs' claims are typical of the claims of the member of the class and subclass, as they all received prerecorded robocalls on their cellular telephone numbers soliciting them to make billing arrangements to receive calls from inmates at correctional facilities, which did not include the required opt out notification.

42. Plaintiffs will fairly and adequately represent the interest of the class and each subclass, as they are willing to devote the time necessary to serve as class representatives, and they have retained counsel experienced in handling class actions seeking relief under the TCPA and other laws.

43. A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class and sub-class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

44. Further, management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class and subclass are easily identified through call records.

45. Hence, a class action is the only feasible means of recovery for the Class Members.

46. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA**

47. Plaintiffs repeat and realleges the above paragraphs as though fully stated herein.

48. Defendant used an ATDS and an artificial or prerecorded voice to make robocalls to the Class Members' cell phones without prior express consent.

49. By using an ATDS, Defendant was able to effectively send thousands of telemarketing calls to thousands of consumers' cell phone numbers.

50. Defendant's calls were made using an artificial prerecorded voice. By using a prerecorded message, Defendant was able to simultaneously call thousands of wireless customers without any human intervention and at very little cost to Defendant.

51. Defendant itself knowingly and willfully placed the calls. Defendant:

a. Knew that the calls were being made with an ATDS;
b. Knew that the calls used a prerecorded voice;
c. Knew that the calls were being placed to cellular telephone numbers;
d. Knew that the Class Members had not provided express consent to receive such calls, as evidenced by its petition to the FCC for an exemption;
e. Knew that the calls did not include information on how to opt out of receiving future calls; and
f. Received compensation for or a benefit from making such calls.

52. As a result of Defendant's conduct, Plaintiffs and the Class Members have suffered damages by being charged by their cell phone carriers for the minutes, time, or usage for the calls made by Defendant.

53. As a result of Defendant's conduct, Class Members have suffered a violation of their right to privacy and depletion in the battery life and data storage of their cellular telephones.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class members, and against Defendant, for:

a. Certification of the Class and Subclass defined above,

b. $500.00 in statutory damages for each call that Defendant placed in violation of 47 U.S.C. §227(b)(1);

c. $1,500.00 in statutory damages for each call that Defendant willfully or

knowingly placed in violation of 47 U.S.C. §227(b)(1); and

d. Injunctive relief prohibiting Defendant from placing such calls in violation of the TCPA in the future.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully Submitted,

**MARQUIS AURBACH COFFING**

By: /s/ Candice E. Renka
Candice E. Renka
crenka@maclaw.com

**LESTER & ASSOCIATES**

By: /s/ Patric A. Lester
Patric A. Lester
pl@lesterlaw.com

**KEOGH LAW, LTD**

By: /s/ Timothy J. Sostrin
Timothy J. Sostrin
TSostrin@KeoghLaw.com

*Attorneys for Plaintiffs*

Re: Lee v Global Tel*Link Corp
Case No. 2:15-cv-02495-ODW-PLA
and
Martin v Global Tel*Link Corp,
Case No. 2:15-cv-03464-ODW-PLA
United States District Court, Central District Of California

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below I electronically filed with the Court through its CM/ECF program and served through the same program the following

**Consolidated Amended Complaint**

on the interested parties in said case as follows:

Robert J. Herrington
HerringtonR@gtlaw.com
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Representing: Global Tel*Link Corporation

For each addressee named above, that is not registered as a CM/ECF user, by First Class Mail, by placing a copy thereof in a separate envelope addressed to each addressee respectively, and then sealing each envelope and, with the postage thereon fully prepaid, then depositing each in the United States mail at San Diego,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated August 14, 2015

/s/ Patric A. Lester
Patric A. Lester
Attorney for Plaintiff,
pl@lesterlaw.com