O

# United States District Court
# Central District of California

| | |
|---|---|
| ALICE LEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL TEL*LINK CORPORATION,<br><br>　　　　　　Defendant. | Case № 2:15-cv-02495-ODW-PLA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [40]** |

## I.　INTRODUCTION

Plaintiffs David Martin and Alice Lee, representing a nationwide putative class of cell phone subscribers, sued Global Tel*Link ("GTL") under the Telephone Consumer Protection Act ("TCPA"). In their Consolidated Amended Complaint ("CAC"), Plaintiffs allege that they received robocalls placed by GTL; that these calls were not exempt from the TCPA's prior express consent requirement; and that Plaintiffs did not give GTL prior express consent to call them. (ECF No. 38.) GTL now moves to dismiss Plaintiffs' CAC for failure to state a claim. (ECF No. 40.) For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss in its entirety.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. In addition, the Court **GRANTS** Defendant's Request for Judicial Notice to the extent that the Court uses the documents adduced in this Order. (ECF No. 40.)

## II. FACTUAL BACKGROUND

Defendant GTL is a telecommunications company that provides collect call services to inmates at over 2,100 correctional facilities across the country. (CAC ¶ 11.) Inmates use GTL's service to make outgoing calls from their correctional facilities. (*Id.* ¶ 12.) Once the recipient of the collect call establishes and funds an account with GTL (*id.* ¶ 13), GTL deducts funds from their account as they accrue with each call. (*Id.*) When an inmate places a call to a number with no such account, or to a number with an unfunded account, GTL advises the inmate that the call could not be completed. (*Id.* ¶ 14.) GTL's automated telephone dialing system then places subsequent robocalls to the same telephone number dialed by the inmate. (*Id.*) A prerecorded message notifies the recipient that an inmate attempted to place a collect call to that number, and solicits the recipient to either set up or fund an account in order to receive the call. (*Id.*)

Plaintiff Martin originally filed an action in the Southern District of California, alleging that he received phone calls from GTL to which he did not consent. (Case No. 2:15-cv-03464-ODW-PLA, Dkt No. 1 (Compl. ¶ 19, 31).) After transfer and reassignment to this Court, Martin's action was consolidated with Plaintiff Lee's action (the lead case). (Dkt Nos. 34, 38.) On August 14, 2015, Plaintiffs filed a consolidated amended complaint seeking redress under the TCPA and certification of a nationwide class. (ECF No. 38.)

Together, Plaintiffs allege Defendant's robocalls violated the TCPA. Specifically, Plaintiffs claim that GTL used an automated telephone dialing system and an artificial voice to make robocalls to their cell phones; that such calls were made without their prior express consent; and that Plaintiffs were ultimately charged for these calls. (*Id.* ¶¶ 47 – 51.) The Court originally stayed the case pending action by the FCC to clarify certain rules and regulations under the TCPA. (ECF No. 21.) But after the FFC issued its Declaratory Ruling and Order on July 10, 2015, and after

Plaintiffs filed their CAC, Defendant moved to dismiss the consolidated action for failure to state a claim. (ECF No. 41.) This motion is now before the Court.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Congress enacted the Telephone Consumer Protection Act ("TCPA") in hopes of striking the proper balance between consumer privacy and legitimate telemarketing practices. The Act provides that it shall be "unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service … for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A)(iii).

### A. The FFC's July 10, 2015 Declaratory Ruling and Order

In enacting the TCPA, Congress afforded the FCC wide latitude to determine the Act's reach. *Galuser v. Twilio, Inc.,* No. C 11-2584 PJH, 2012 WL 259426, at *2, (N.D. Cal. January 27, 2012); *see also Charvat v. EchoStar Satellite, LLC,* 630 F.3d 459, 466–67 (6th Cir. 2010) (noting "Congress vested the FCC with considerable authority to implement the TCPA" and to "prescribe regulations to implement the legislation"). Because the FFC has regulatory authority over the TCPA, its July 10, 2015 Declaratory Ruling and Order is instructive on issues central to this litigation.

Specifically, the FCC's ruling addressed whether prior express consent from the called party is needed when collect calling service providers use prerecorded messages to provide set-up information during an attempt to connect a collect call. The FCC clarified when prior express consent was not required:

> Collect calling service providers that use prerecorded messages, on a single call-by-call basis, to provide call set-up information when attempting to connect a collect call to a residential or wireless telephone number may do so under the TCPA without first obtaining prior express consent from the called party.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Red. 791, 2015 WL 4387780, at *7986, (July 10, 2015).

In coming to its determination, the FCC reasoned that in situations where a collect calling service provider merely plays a role in connecting end-to-end users, the person who originally dials the called party is the one who "makes" the call:

> We find that a person who dials the number of the called party or the number of a collect calling service provider in order to reach the called party, rather than the collect calling service provider who simply connects the call, "makes" the call for the purposes of the TCPA.

*Id.*

But when a collect calling service provider is the one that "makes" a call *to a wireless number* for the exclusive purpose of obtaining billing information, the FCC opted for more cautious approach. In its Declaratory Ruling and Order, the FCC noted that such calls made to a wireless number were only exempt from the prior express consent requirement if they comported with following conditions:

> **1) collect call attempt notifications to cellular telephone numbers shall not be charged to the called party;[18]**
> 2) notifications must identify the name of the collect call service provider and include contact information;
> 3) notifications must not include any telemarketing, solicitation, debt collection, or advertising content;
> 4) notifications must be clear and concise, generally one minute or less;
> 5) collect call service providers shall send no more than three notifications for each inmate call, and shall not retain the called party's number upon call completion or, in the alternative, not beyond the third notification attempt; and
> **6***)* **each notification call must include information on how to opt out of future calls; voice calls that could be answered by a live person must include an automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make an opt-out request prior to terminating the call; voice calls that could be answered by an answering machine or voice mail service must include a toll-free number that the consumer can call to opt out of future notification calls; and**

> 7) the collect call service provider must honor opt-out requests immediately.

*Id.* at *7989 (emphasis added).

GTL now moves to dismiss Plaintiffs' CAC on two grounds. With respect to Plaintiff Martin's allegations, GTL argues that it was not the true "maker" of the calls at issue. (ECF No. 40, p. 11.) With respect to Plaintiff Lee's allegations, GTL claims that Lee gave prior express consent to the calls she received in September 2014. (*Id.*) The Court addresses GTL's arguments below.

**B.    "Maker" of the Calls**

Martin alleges that between July and September 2014, GTL's automated telephone dialing system placed numerous robocalls to his personal cellular phone number. (*Id.* ¶ 19.) He claims that each of the robocalls stated that an inmate at a correctional facility was attempting to reach Martin's number and that he was required to pay in order to receive these calls. (*Id.* ¶ 21.) Martin alleges that even after he repeatedly declined to accept collect calls from the offender, the robocalls soliciting billing arrangements continued. (*Id.* ¶ 24.) He further claims the prerecorded messages did not contain information on how to opt out of future calls and that his service provider ultimately charged him for these incoming calls. (*Id.* ¶¶ 22, 26.)

GTL argues that it was the inmate who "made" the calls to Martin's cell phone. (ECF No. 40, p. 6.) GTL claims it was merely playing its role in connecting end-to-end users and therefore did not need prior express consent from the called party. (*Id.*) As a result, it concludes that Martin fails to state a claim under the TCPA. The Court disagrees.

The facts alleged by Martin distinguish between the inmate-dialed calls, which he repeatedly declined, and the subsequent robocalls from GTL soliciting Martin's billing information. Martin alleges that the FCC's Declaratory Ruling and Order specifically states that these type of robocalls made exclusively for obtaining billing

information are "made" by the collect calling service provider. Further, Martin claims that the subsequent robocalls "made" by GTL are not exempt from the TCPA's prior express consent requirement because they failed to adhere to the FCC conditions by: (1) failing to include opt-out information and (2) charging the called party.

The Court concludes that Martin's allegations, considered as a whole and construed in his favor, as required at this stage of the proceedings, are sufficient to give rise to plausible violations of the TCPA. Therefore, the Court **DENIES** GTL's motion to dismiss on this basis.

### C. Prior Express Consent

Plaintiff Lee similarly argues that GTL did not have prior express consent to place the calls she received on or about September 12, 2014. GTL contends, however, that Lee gave prior express consent when she previously signed up for and used a GTL account, leaving Plaintiff with no claim as a matter of law. (*Id.* at p. 10.) In her response, Plaintiff disputes that previously signing up for and using an account gave GTL express consent for the calls at issue. (ECF No. 41, p. 18.)

Prior express consent is an affirmative defense under the TCPA—not an element of Plaintiffs' claim. *See Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011); *Ryabyshchuk v. Citibank (South Dakota) NA*, No. 11-CV-1236-IEG (WVG), 2011 WL 5976239 (S.D. Cal. Nov. 28, 2011) (Gonzalez, C.J.) ("[T]he FCC recognized the heavy burden a consumer might face in trying to prove that he *did not* provide prior express consent."). Accordingly, Plaintiff Lee need not allege the absence of consent and as a consequence, "a motion for summary judgment—rather than a motion to dismiss—is the proper place for the [defendant] to establish that the [plaintiffs'] claim fails due to the presence of prior express consent." *Ryabyshchuk*, at *5. The Court will consider the merits of GTL's affirmative defense if and when the parties reach that stage of litigation. Therefore, Defendant's motion to dismiss based upon consent is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 40.)

**IT IS SO ORDERED.**

February 5, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**