**TUCKER | POLLARD**
Attorneys at Law
Caroline V. Tucker, Esq. (State Bar No. 261377)
556 N. Diamond Bar Blvd., Ste. 213
Diamond Bar, CA 91765
(909) 396-1800 phone
(949) 269-6401 facsimile
ctucker@tuckerpollard.com

Attorneys for Objector
Stephen Kron

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **ALICE LEE and DAVID W. MARTIN, on behalf of themselves and all others similarly situated,**<br>**Plaintiffs,**<br>**v.**<br>**GLOBAL TEL\*LINK CORPORATION,**<br>**Defendant.** | **Case No. 2:15-cv-02495-ODW(PLAx)** |

## OBJECTION TO CLASS ACTION SETTLEMENT

Class member and objector, Stephen Kron, ("hereinafter Objector") opposes and objects to the approval of the class action settlement.  Objector believes that he is a class member because he was using a mobile telephone number to which a Notification Call (as defined in the Settlement Agreement) was placed during the Class Period, which is from December 5, 2010 through April 7, 2017. Objector submitted a claim and the claim number is 10268118101.

A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2).  The district court fulfills both its "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act*

1

*(ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

"Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013).  Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. *Id*. "[T]hus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *Id*.  "While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. Proc. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 941 (9th Cir. 2011).

Class counsel claims that it is only seeking 25% of the total amount out of $8,800,000, but fails to include $852,623.00 in administrative costs, plus $76,825.97 in expenses that it is also seeking.  When including these administrative costs and expenses, the amount that class counsel actually is seeking greatly exceeds the 25% benchmark set out by this Circuit.

In several cases, the Ninth Circuit and other courts include litigation "expenses" with the attorneys' fees in the numerator when calculating the percentage of recovery. See *Dennis v. Kellogg Co.*, 697 F.3d 858, 863 (9th Cir. 2012) (calculating percentage versus benchmark based on "$2 million in fees and costs"); *In re Imax Sec. Litig.*, 283 F.R.D. 178, 193 (S.D.N.Y. 2012)

(refusing to award 25% fee recovery because fees plus expenses totaled 39% of the settlement amount).

At a minimum, however, if the court is to exclude litigation "expenses" from the numerator when calculating an attorney award under the percentage-of-the-fund approach, the court should also exclude those same expenses from the denominator (i.e. the value of the fund). In *In re Transpacific Passenger Air Transportation Antitrust Litigation*, the court excluded both administration expenses and litigation expenses before calculating attorneys' fees. 2015 WL 3396829, at *2 (N.D. Cal. May 26, 2015).  The court determined that when expenses were deducted, the requested fees actually totaled 42% of the class benefit rather than the 33% argued by class counsel. 2015 WL 3396829, at *2. The district court reduced fees from the requested $13.1 million to $9 million. *Id.*

Similarly, costs related to administration of the settlement should not be included in calculating the fee award.  If the Court were to include these costs, it would have "eliminated the incentive of class counsel to economize on that expense—and indeed may have created a perverse incentive; for higher administrative expenses make class counsel's proposed fee appear smaller in relation to the total settlement than if those costs were lower." *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

If notice and administration expenses are included when calculating attorneys' fees, class counsel is being awarded a commission on those costs. See *Kmiec v. Powerwave Tech.*, No. 12-00222-CJC, 2016 WL 5938709, at *5 (C.D. Cal. Jul. 11, 2016) (finding "no principled reason to calculate a fee" by giving counsel a commission their costs).  "Counting administration fees as part of the settlement valuation for attorneys' fees purposes might also inadvertently incentivize the establishment of costly and inefficient administration procedures which would inflate the

benefits valuation without increasing actual benefit for class members." *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 170 (D. Mass. 2015).

In sum, if the $852,623.00 notice and administration costs are excluded from the $8.8 million gross settlement fund and the $76,825.97 litigation expenses are included in the numerator, then class counsel's $2.2 million fee request amounts to 28.648% ($2,276,825.97/$7,947,377). "This circuit has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998).   This percentage is above the 9th circuit benchmark of 25%.  *In Dennis v. Kellogg Co.*, the parties sought $2 million in fees and expenses of a $10.64 million common fund. 697 F.3d at 868. The Ninth Circuit found that a portion of the relief was illusory and that the actual value of the common fund was $5.14 million. 697 F.3d at 868. The Ninth Circuit concluded that "the dollar value of the settlement fund plummets to $5.14 million, and the $2 million attorneys' fees award becomes 38.9% of the total, which is clearly excessive under our guidelines." *Id*. (emphasis added). Like in *Kellogg's*, this Court should determine that the total amount of attorney fees is excessive.

The lodestar cross-check should "confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate." *Bluetooth*, 654 F.3d at 945.  Here, the lodestar amount is 3.1. See Doc 188, p.21.  A district court must also provide adequate justification for the use of a multiplier, which is appropriate in only "rare" or "exceptional" cases. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).  Here, there is nothing rare or exceptional about this case.  It is a run of the mill TCPA case.  Class counsel did not achieve a remarkable result.  The Court should order that class counsel receives its lodestar with no multiplier and disburse the remaining money to the class.

The Court should also evaluate the settlement for any potential collusion between class counsel and defendant. The Court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self interests ... to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Rather than explicit collusion, there need only be acquiescence for such self-dealing to occur: "a defendant is interested only in disposing of the total claim asserted against it" and "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *Id.* at 949 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819-20 (3d Cir. 1995).

Finally, the Court must ensure that the class certification criteria have been met pursuant to the 9th Circuit's recent opinion in *In re Hyundai and Kia Fuel Econ. Litig.*, 881 F.3d 679 (9th Cir. 2018).

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor I intend to appear at the fairness hearing.

Dated: June 14, 2018

Stephen Kron

Dated: June 14, 2018

**TUCKER | POLLARD**

By: /s/ Caroline Tucker

Caroline Tucker
556 N. Diamond Bar Blvd., Ste. 213
Diamond Bar, CA 91765
(909) 396-1800 phone
(949) 269-6401 facsimile
ctucker@tuckerpollard.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on June 15, 2018, and served by the same means on all counsel of record.

/s/ Caroline Tucker

_____

Caroline Tucker