# EXHIBIT 1

Exhibit 1
Page 26

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff David Martin, ("Class Plaintiff"), on behalf of himself and the Settlement Class (as defined below), on the one hand, and Defendant Global Tel*Link Corporation ("GTL"), on the other hand.  The Class Plaintiff and GTL shall sometimes be collectively referred to herein as the "Parties."

Class Plaintiff, Class Counsel (as defined below) and GTL hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Class Plaintiff and the Settlement Class Members (as defined below) in the action entitled *Martin v. Global Tel*Link Corporation*, United States District Court for the Central District of California, Case No. 2:15-cv-03464, consolidated into Case No. 2:15-cv-02495 ("the Action"), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

1. **RECITALS**

    **1.1**    On December 5, 2014, Class Plaintiff initiated the Action by filing a complaint in the United States District Court for the Southern District of California entitled *Martin v. Global Tel*Link Corporation*., No. 3:14-cv-02877, alleging that GTL violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by using an automatic telephone dialing system and a prerecorded voice to place calls to cellular telephone numbers without the prior express consent of Martin or the putative class members.  On January 29, 2015, the Southern District of California transferred the Action to the Northern District of California, which assigned Case No. 4:15-cv-00449.  On May 6, 2015, the Northern District of California transferred the Action to the Central District of California ("the Court"), which assigned Case No. 2:15-cv-03464.  On June 10, 2015, the Court consolidated the Action with *Lee v. Global Tel*Link Corporation*, Case No. 2:15-cv-02495, ordering that all papers in the Action shall be filed only in the low-number case numbered 2:15-cv-02495-ODW-PLA, and that case number 2:15-cv-03464-ODW-FFM was

Exhibit 1
Page 27

placed in inactive status.  On October 25, 2016, the Court dismissed the Action with prejudice as between plaintiff Alice Lee and defendant GTL only, and, accordingly, Alice Lee is not a party to this Agreement.

      1.2    GTL denies all material allegations of the operative complaint and prior complaints in the Action.  GTL believes the claims asserted against it in the Action are without merit, believes that GTL has complete defenses thereto, and further contends that a class could not be certified in this case for purposes of litigation if class certification were sought by Class Plaintiff and opposed by GTL.

      1.3    The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions. The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation. The parties reached this Agreement only after extensive motion practice, discovery, analysis of the relevant legal issues in regard to the claims and defenses asserted in the Action, and analysis of call data by the parties' respective proffered expert witnesses.

      1.4    This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months, including telephonic and in-person negotiations. The Parties participated in private mediation before the Honorable Carl J. West (Ret.) of Judicial Arbitration and Mediation Services, Inc. ("JAMS") on October 24, 2016, which mediation continued thereafter several weeks until this settlement was reached by the parties on November 11, 2016.  Prior to the mediation, the Parties submitted detailed mediation submissions to Judge West setting forth their respective views as to the relevant issues, strengths, and weaknesses in the case.

      1.5    Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, it is

Exhibit 1
Page 28

now the intention of the Parties and the objective of this Agreement to fully and completely and forever settle and resolve all existing disputes and claims in the Action, as set forth herein.

1.6    The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence in the Action except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.7    **NOW THEREFORE**, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action, including the claims asserted by Class Plaintiff, individually and on behalf of the Settlement Class Members, shall be settled and compromised upon the terms and conditions contained herein.

## 2.    DEFINITIONS

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement. Nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1    **"Action"** means the pending action styled *Martin v. Global Tel\*Link Corporation*, United States District Court for the Central District of California, Case No. 2:15-cv-03464, consolidated into Case No. 2:15-cv-02495.

2.2    **"Agreement"** means this Class Action Settlement Agreement and Release.

Exhibit 1
Page 29

**2.3**    **"Approved Claims"** means claims that have been timely submitted by class members to the administrator and approved for payment.

**2.4**    **"CAFA Notice"** refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.5**    **"Claim Form"** or **"Claim"** means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Sections **10** through **12** of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

**2.6**    **"Claim Period"** means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. As set forth in Section **8.1(H)**, the last day of the Claim Period will be sixty (60) days following the Notice Deadline.

**2.7**    **"Claims Administrator"** means Kurtzman Carson Consultants (KCC), subject to approval by the Court.  The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

**2.8**    **"Class Counsel"** means Keogh Law, Ltd. and Lester & Associates.

**2.9**    **"Class Notice"** means any type of notice that may be utilized to notify persons in the Class of the Settlement, including one or more of the following methods:  E-Mail Notice, Mail Notice, Website Notice, internet publication notice as set forth in Section 10.2(A) of and Exhibit 6 to this Agreement, and any different or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

**2.10**    **"Class Period"** means the period from December 5, 2010 through the date of entry of the Preliminary Approval Order (as defined below).

**2.11**    **"Class Representative"** means Plaintiff David Martin.

**2.12**    **"Court"** means the United States District Court for the Central District of California.

**2.13**    **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **12.3** of this Agreement.  *CyPres* will only be distributed for

Exhibit 1
Page 30

uncashed or undeposited checks and only then if a second distribution to those eligible Settlement Class Members is not feasible pursuant to Section **12.2** of this Agreement.

**2.14** **"GTL"** means collectively Defendant Global Tel*Link Corporation and its subsidiaries and/or parent companies.

**2.15** **"GTL's Counsel"** means Greenberg Traurig, LLP.

**2.16** **"Effective Date"** means the fifth (5th) business day after the last of the following dates:

> **(A)** All Parties, GTL's Counsel and Class Counsel have executed this Agreement;
>
> **(B)** The Court has entered the Final Approval Order; and
>
> **(C)** The final disposition of any appeals or requests for review of the Final Approval Order, or in the case of no appeals or requests for review being filed, thirty (30) days after entry of the Final Approval Order

**2.17** **"Escrow Account"** means a non-interest bearing checking account established at a financial institution other than GTL into which monies shall be deposited as set forth by this Agreement.

**2.18** **"Failed Inmate Call Attempt"** means a telephone call attempted by an inmate or prisoner through GTL's service to a phone number for which GTL had no billing relationship and therefore no means to bill the call to the called party.

**2.19** **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Class Plaintiff.

**2.20** **"Final Approval Order"** means an order and judgment that the Court enters upon finally approving the Settlement that is substantially in the form of <u>Exhibit 2</u> attached hereto. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

Exhibit 1
Page 31

    **2.21**   **"Funding Date"** means the date, which is no later than seven (7) business days after the Effective Date, on which GTL shall cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

    **2.22**   **"Judge"** shall mean any judge of the United States District Court for the Central District of California, including the Honorable Otis D. Wright II.

    **2.23**   **"Mandatory Payment"** means an all-inclusive payment of EIGHT MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($8,800,000) which shall be made by GTL to resolve this litigation.  As set forth in this Agreement, the "Mandatory Payment" shall be used for Settlement Costs, including any and all administration expenses, any cost associated with class notice, including mailing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any attorneys' fees and costs awarded to Class Counsel by the Court, any incentive award ordered by the Court to be paid to the Class Representative, and all amounts to be paid to Settlement Class Members under this Agreement.  Under no circumstances shall GTL or the Released Parties be required to pay any amount in excess of the EIGHT MILLION, EIGHT HUNDRED THOUSAND DOLLARDS ($8,800,000) Mandatory Payment in order to resolve the Action.

    **2.24**   **"Notice"** means the notice that will be provided pursuant to Section **10.2(A)** of this Agreement to the Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 3</u>.

    **2.25**    **"Notice Deadline"** shall have the meaning set forth in **Section8.1(D)** of this Agreement.

    **2.26**   **"Notification Call"** means a call (i) placed by or on behalf of GTL, (ii) to a number attempted in a Failed Inmate Call Attempt, (iii) using a prerecorded voice message, (iv) to explain in sum and substance that inmate calls could not be completed and/or billed, and that the called party could take certain steps to arrange for billing and/or setup a prepaid account.  For example, a prerecorded message for a Notification Call could take substantially the following form:

Exhibit 1
Page 32

"This is an important message from GTL about calls from an offender at a correctional facility. Para escuchar este mensaje en espanol, oprima el numero uno. Your telephone service provider is unable to bill you for these calls. If you wish to receive these calls, you must contact us at 1- 877-650-4249 to arrange for billing. To hear these instructions again, press 1. To end this call, please hang up."

2.27   **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **8.1(F)**, and **13.1** of this Agreement.

2.28   **"Parties"** means Class Plaintiff and GTL.

2.29   **"Preliminary Approval Order"** means an order that the Court enters upon preliminarily approving the Settlement that is substantially in the form of <u>Exhibit 4</u> attached hereto.  "Preliminary Approval" occurs on the date that the Court enters the Preliminary Approval Order.

2.30   **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement.  The "Releases" means all of the releases contained in Section **17** of this Agreement.

2.31   **"Released Parties"** means and refers to the Defendant Global Tel*Link Corporation and each and all of subsidiaries, parent companies, agents, vendors (including inContact, Inc.), predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

2.32   **"Releasing Parties"** means the Class Plaintiff and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

2.33   **"Settlement Class"** means all persons using and/or subscribing to a mobile telephone number to which a Notification Call was placed during the Class Period.  Excluded from

Exhibit 1
Page 33

the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

**2.33(A)   "Settlement Class List"** means the list of approximately 1,800,000 unique telephone numbers that, based on records reasonably available to GTL, appear to meet the Settlement Class definition.

**2.34   "Settlement Class Member"** means any person in the Settlement Class who does not timely and validly request exclusion from the Settlement Class, except that any person who submits a Claim Form or an Objection and is unable to provide one of the following, (i) a valid Claim ID, (ii) a telephone number on the Settlement Class List or (iii) telephone records establishing receipt of a Notification Call, shall not be a Settlement Class Member.  The Class Administrator shall make reasonable efforts to obtain a valid Claim ID, a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call from any person who submits a Claim Form or an Objection, and shall confirm for the Parties whether the person was unable to submit such information.

**2.35   "Settlement"** means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.36   "Settlement Award"** means a cash payment that may be available to eligible Settlement Class Members pursuant to Section **11** of this Agreement.

**2.37   "Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, as well as all costs of claims administration and administering the Settlement, and such costs shall include:  (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiff approved by the Court; (iii) all costs of providing notice to persons in the Settlement Class (including, but not limited to, costs for obtaining contact information for the Settlement Class via subpoena or otherwise), and costs for Notice, Website Notice, internet publication, and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of

Exhibit 1
Page 34

printing and mailing Settlement Awards and other payments, Claim Forms, and the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (vi) the fees, expenses, and all other costs of the Claims Administrator.

2.38    **"Settlement Fund"** means the amount of EIGHT MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($8,800,000) to be paid by GTL as set forth in this Agreement.

2.39    **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

2.40    **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

2.41    **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

2.42    **"Website Notice"** means the website notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached hereto as <u>Exhibit 5</u>.  The Website Notice will be posted on the "Settlement Website."

2.43    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

3.    <u>**SETTLEMENT PURPOSES ONLY**</u>

3.1    **General.**  This Agreement is made for the sole purpose of settlement of the Action, on a settlement class-wide basis, as well as the settlement of all related individual claims made by the Class Plaintiff.  The settlement of the Action is expressly conditioned upon the entry of the Final Approval Order by the Court.  In the event that the Court does not execute and file the Final Approval Order, or in the event the Order of Final Approval does not become final for any reason, or in the event that the Final Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever, and shall not be referred to or utilized in the Action for any purpose whatsoever.

3.2    **GTL's Position on Conditional Certification of the Settlement Class.**  GTL disputes that a class would be manageable or that common issues predominate over individual

Exhibit 1
Page 35

ones, and denies that a litigation class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, GTL does not oppose and hereby agrees to certification of the Settlement Class defined in Section **2.33**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would GTL be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving GTL. No agreements made by or entered into by GTL in connection with the Settlement may be used by Class Plaintiff, any person in the Class, or any other persons to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

      **3.3**    **Admissibility.** Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in the Action for any purpose; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

      **3.4**    **Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including GTL, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity, deny that they are liable to Releasing Parties, including Class Plaintiff, any person in the Class or any other persons, and/or deny that any damages have been sustained by any

Exhibit 1
Page 36

Releasing Parties in any way arising out of or relating to the conduct alleged in the Action.  GTL expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

**3.5    Class Plaintiff's Belief in the Merits of the Case.**  Class Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiff that there is any infirmity in the claims asserted by them, or that there is any merit whatsoever to any of the contentions and defenses that GTL has asserted.

**3.6    Class Plaintiff Recognizes the Benefit of Settlement.**  The Class Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against GTL, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Class Plaintiff and Class Counsel have concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement.  Class Plaintiff and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

**4.    JURISDICTION**

**4.1**    The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve any awards of attorneys' fees, costs, or incentive awards, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

**5.    PAYMENT TO THE SETTLEMENT CLASS MEMBERS**

**5.1    Mandatory Payment to Settlement Class.**  GTL shall pay the total sum of EIGHT MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($8,800,000) to settle the Action with the Settlement Class and obtain a release of all Released Claims in favor of all Released Parties as

Exhibit 1
Page 37

set forth herein.  The Mandatory Payment will be used to pay Approved Claims and any Settlement Costs.  Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.  In no event will GTL's payment obligations exceed the Settlement Fund and in no event will any money revert back to GTL.

      **5.2**    **Amount Paid Per Claim.**  The amount paid per Approved Claim shall be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Mandatory Payment.

**6.**    <u>**ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES**</u>

      **6.1**    **Attorneys' Fees and Costs.**  Class Counsel shall move the Court for an award of attorneys' fees and expenses paid from the Settlement Fund.  The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund, and from no other source. Within five (5) days of the Funding Date, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement.  In addition, no interest will accrue on such amounts at any time.

      **6.2**    **Payment to Class Representative.** The Class Representative will also ask the Court to award him an incentive payment (in addition to any *pro rata* distribution he may receive under Section **5.2**) for the time and effort he has personally invested in the Action.  Within five (5) days of the Funding Date, the Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court.  Class Counsel shall thereafter disburse such funds.  In addition, no interest will accrue on such amounts at any time.  Any incentive payment shall come from the Settlement Fund and from no other source.

      **6.3**    **Settlement Independent of Award of Fees and Incentive Payments.**  The payment of attorneys' fees, costs and incentive payments set forth in Section **6.1** and **6.2** are subject to and dependent upon the Court's approval.  However, this Settlement is not dependent upon the Court's approving Class Plaintiff's requests for such payments or awarding the particular

Exhibit 1
Page 38

amounts sought by Class Plaintiff.  In the event the Court declines Class Plaintiff's request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## 7.    CONDITIONS OF SETTLEMENT

**7.1**    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

    **(A)**    Execution of this Agreement by GTL, Class Plaintiff, and Class Counsel.

    **(B)**    Execution and filing by the Court of the Preliminary Approval Order.

    **(C)**    Execution and filing by the Court of the Final Approval Order.

**7.2**    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement.

## 8.    PRELIMINARY APPROVAL OF THE SETTLEMENT

**8.1    Preliminary Approval Motion.**  As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4.   Pursuant to the motion for preliminary approval, the Parties will request that:

    **(A)**    The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Class;

    **(B)**    The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class;

    **(C)**    The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

Exhibit 1
Page 39

(D)   The Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within one hundred and twenty (120) days following entry of the Preliminary Approval Order, unless extended by the Court (the "Notice Deadline");

(E)   The Court establish a procedure for any class members to object to the Settlement or exclude themselves from either class;

(F)   The Court set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

(G)   The Court approve the Claim Form and the claims process described herein for the Settlement Class;

(H)   The Court set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

(I)   The Court, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

(J)   The Court schedule a Final Approval Hearing no earlier than twenty-eight (28) days after the filing of the final approval motion pursuant to Section **14.1**.

**8.2   Bar of Proceedings**.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary

Exhibit 1
Page 40

Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Settlement Class or is not a Settlement Class Member.

## 9.    SETTLEMENT CONSIDERATION

**9.1    The Settlement Fund.**  GTL will pay the total Settlement Fund of EIGHT MILLION, EIGHT HUNDRED THOUSAND DOLLARS ($8,800,000) to fully and completely settle all claims of Class Plaintiff and the Settlement Class Members.  The Settlement Fund shall be used to make all payments pursuant to the Settlement including all Settlement Awards and the Settlement Costs.  GTL shall deposit money into the Escrow Account as follows:  (a) GTL shall advance the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Fund; and (b) GTL shall pay the balance of the Settlement Fund into the Escrow Account within seven (7) business days following the Effective Date.  GTL shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

**9.2    Prospective modifications to Notification Call practices.**  GTL expressly denies any allegations that its Notification Call practices violate the TCPA or do not comply with Federal Communications Commission rulings and orders.  Notwithstanding the foregoing, as part of this Settlement, and except to the extent inconsistent with applicable law, GTL agrees to implement the following changes to its Notification Call practices:

(A)    Notification Calls shall include an interactive-voice and/or key-activated opt-out mechanism that the called party may use to opt-out of future Notification Calls.

(B)    Notification Calls shall include a toll-free number that the called party may call to opt out of future Notification Calls.

(C)    When a called party exercises the opt-out from future Notification Calls, the opt-out will be effective to block all future Notification Calls, regardless of how many Failed Inmate Call Attempts occur in the future.

Exhibit 1
Page 41

Class Plaintiff and Class Counsel, on behalf of themselves and the Settlement Class Members, confirm that these changes to the Notification Call practices are a material term of this settlement, are fundamental to the injunctive relief that Class Plaintiff sought in the Action against GTL, and are the modifications to Notification Call practices that Class Plaintiff asserted in the Action were necessary to comply with the TCPA and the Federal Communications Commission's July 10, 2015 Declaratory Ruling and Order in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, CG Docket No. 02-278, WC Docket No. 07-132 ("July 10, 2015 Declaratory Ruling and Order").

## 10.   ADMINISTRATION AND NOTIFICATION PROCESS

**10.1   Claims Administrator and Settlement Class List.**  The Claims Administrator shall administer the Settlement.  GTL will reasonably cooperate in the notice and administration process and shall provide the Settlement Class List to Class Counsel and the Claims Administrator, within seven (7) days of the execution of this agreement, on a confidential basis.

(A)      Class Counsel will subpoena Verizon Wireless, T-Mobile, AT&T, Sprint, Virgin Mobile, Straight Talk Wireless, Boost Mobile, Metro PCS, Cricket, and U.S. Cellular for contact information missing from the Settlement Class List for the purpose of providing the best notice practicable to the Settlement Class.  GTL agrees that it will not oppose, or cause or encourage, directly or indirectly, others to oppose the subpoenas.  The Claims Administrator shall supplement the Settlement Class List with the contact information obtained from the subpoenas ("Supplemented Class List").

(B)      The Claims Administrator shall implement the Notice Program, as set forth in Section 10.2 of this Agreement.

**10.2   Settlement Class Notice Program For the Settlement Class.**  The Claims Administrator shall, by the Notice Deadline, provide:

(A)      **Notice**.  The Claims Administrator shall provide individual notice via e-mail for any e-mail addresses in the Supplemented Class List, and shall send one reminder email thirty (30) days prior to the expiration of the Claim

Exhibit 1
Page 42

Period. The Class Administrator shall provide notice via postcard to Settlement Class Members for whom no e-mail address appears in the Supplemented Class List, and to Settlement Class Members to whom e-mail notice was sent, but who did not open the e-mailed notice. Prior to sending postcard notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail one time any postcards returned as undeliverable and shall undertake reasonable means to locate alternative addresses for the returned postcards. Notice shall contain a claim ID and shall direct recipients to the Settlement Website.The Claims Administrator shall further provide notice by arranging for internet publication, as set forth in Exhibit 6 attached hereto.

(B)  **Website Notice.** The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, and any other materials the Parties agree to include. These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until after the stale dates of any Settlement Awards. The Settlement Administrator shall also post any motions for attorneys' fees, costs, or incentive awards in connection with this Agreement on the Settlement Website within five (5) days following the filing of such motion. The Settlement Website shall also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information. The Claims Administrator shall secure the URL gtltcpasettlement.com for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the

Exhibit 1
Page 43

Parties.  The Claims Administrator and Class Counsel shall provide GTL with an adequate opportunity to review and comment on the text viewable at or available via links from the Settlement Website (other than publicly available documents available at or via such links) prior to the availability for viewing of such Website or the posting of any such text on the Website once the Website is available for viewing.

(C)     **800 Number/IVR/Telephone Claims.**  The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID to make a claim via telephone.

(D)     **CAFA Notice.**  GTL shall be responsible for providing the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.  However, GTL may delegate the service of the CAFA Notice to the Claims Administrator.  If GTL does so, GTL shall provide the Claims Administrator with the form of CAFA Notice that the Claims Administrator shall serve on the appropriate officials, and the Claims Administrator shall file a declaration with the Court no later than twenty-eight (28) days before the Final Approval Hearing date, stating that the CAFA Notice has been served on the appropriate officials.  No Party shall request that an order giving final approval of the Settlement be issued prior to the expiration of the time set forth in 28 U.S.C. § 1715(d).

## 11.    <u>SETTLEMENT AWARDS</u>

11.1     **Awards to Settlement Class Members.**  All Settlement Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Award, which shall be paid by check, as set forth below.  Each Settlement Class Member may make only one Claim, regardless of the number of Notification Calls the Settlement Class Member received or how many mobile

Exhibit 1
Page 44

telephone numbers GTL called using an automatic telephone dialing system and/or an artificial or prerecorded voice in connection with efforts to contact the Settlement Class Member. Each Settlement Class Member who submits a valid and timely Claim Form shall be awarded a *pro rata* share of the Settlement Fund after Settlement Costs are deducted.

**11.2    Conditions For Claiming Settlement Awards.**  Settlement Awards shall be available to Settlement Class Members on a claims-made basis. To obtain a Settlement Award, the Settlement Class Member must submit a valid and timely Claim Form containing (1) either a valid Claim ID or a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call; (2) the Settlement Class Member's full name, mailing address, and e-mail address (if he or she has one); (3) for mailed Claim Forms, the Settlement Class Member's signature; (4) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation that all information contained in the Claim Form is true and accurate; and (5) for Claim Forms submitted via 800 number, an affirmation that by pressing "1" all information recited after the Claim ID is entered is true and accurate. Claim Forms shall be submitted to the Claims Administrator by mail, via 800 number, or via the Settlement Website. Any Claim Form or attempt to cure a deficient claim that includes telephone records establishing receipt of a Notification Call must be submitted via mail. To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800 number, or postmarked prior to or on the last day of the Claim Period.

**11.3    Award Estimates**.  Class Counsel shall include in the Class Notices a good faith estimated range for Settlement Awards.

**12.    DISTRIBUTION OF SETTLEMENT AWARDS**

**12.1    Settlement Award Payments.**  Settlement Awards shall be paid by check or electronic deposit at the election of the class member. Within forty-five (45) days after the Effective Date, the Claims Administrator shall send the Settlement Award to each eligible Settlement Class Member who timely submits a completed Claim Form. The Claims Administrator shall undertake reasonable means to locate current addresses for all returned checks.

Exhibit 1
Page 45

Checks will be valid for one-hundred twenty (120) days from the date on the check.  The amounts of any checks that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

**12.2    Second Distribution.**  If, after the expiration date of the checks distributed pursuant to Section **12.1** above, there remains money in the Settlement Fund sufficient to pay at least ten dollars ($10.00) to each Settlement Class Member who cashed his or her initial Settlement Award check, such remaining monies will be distributed on a *pro rata* basis to those Settlement Class Members (the "Second Distribution").  The Second Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section **12.1** above, and shall be paid in the same manner as the original Settlement Award.  Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

**12.3    Remaining Funds.**  Subject to the provisions in Section 2.23 herein, money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **12.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cypres* to the National Consumer Law Center earmarked for working with the FCC and Congress to safeguard the protections of the TCPA.

## 13.    OPT-OUTS AND OBJECTIONS

**13.1    Opt-Out Requirements.**  Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the mobile telephone number on which the person seeking exclusion received the call or calls associated with the request for exclusion, and (iv) include the following statement: "I request to be excluded from the settlement in the GTL TCPA action, and to waive all rights to the benefits of the settlement."  No request for exclusion will be valid unless all of the information described

Exhibit 1
Page 46

above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**13.2    Retention of Exclusions.**  The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.

**13.3    Right To Object.**  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

**13.4    Objection Requirements.**  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) GTL's Counsel – Robert J. Herrington, Greenberg Traurig, LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067.  An objection must:

> **(A)**    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing a valid Claim ID or a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call, , full name, address, the mobile telephone number called,

Exhibit 1
Page 47

and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel;

**(B)**      Include a statement of such Settlement Class Member's specific objections; and

**(C)**      State the grounds for objection and attach any documents supporting the objection.

**13.5**      Any Settlement Class Member who objects may, but does need to, appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.   A Settlement Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing must:  (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.   Any Settlement Class Member who fails to comply with the provisions of this Section shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

**14.      FINAL APPROVAL AND JUDGMENT ORDER**

**14.1      Final Approval.**   Following completion of the Class Notice process and within thirty (30) days following expiration of the Opt-Out and Objection Period, the Parties shall request that the Court enter the Final Approval Order in substantially the same form attached as Exhibit 2, which shall specifically include provisions that:

**(A)**      Finally approve the Settlement as fair, reasonable and adequate to both classes;

**(B)**      Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

Exhibit 1
Page 48

**(C)**     Find that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

**(D)**     Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)**     Certify the Settlement Class;

**(F)**     Confirm that Class Plaintiff and the Settlement Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

**(G)**     Dismiss on the merits and with prejudice all claims of the Settlement Class Members asserted against GTL, as well as the Action, without costs to any party, except as provided in this Agreement; and

**(H)**     Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 15.    FINAL JUDGMENT

**15.1**   The Judgment entered upon Final Approval shall be deemed final:

**(A)**     Thirty (30) days after entry of the Final Approval Order approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

**(B)**     If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

**Exhibit 1
Page 49**

16.    **DISMISSAL, NO ADMISSIONS, AND PUBLICITY LIMITATIONS**

16.1    **Dismissal.**  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Class Plaintiff and Settlement Class Members.

16.2    **No Admission of Liability.**  GTL expressly disclaims and denies any wrongdoing or liability whatsoever, and GTL expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaints.  GTL has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Nothing herein shall constitute an admission by the Released Parties that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; or (iii) is or may be deemed a waiver of GTL's right to challenge class certification if this Settlement for any reason does not become final.

16.3    **Public Statements.**  There shall be no comments made to the press or any other disclosure by or through the Parties or their attorneys with intent that such disclosure will directly or indirectly result in notifying the media or advertising publicly about the Settlement or any of its provisions, unless and until the Court has granted preliminary approval of the proposed Settlement.  If preliminary approval is denied, the Parties and their attorneys shall refrain from making any comments regarding the proposed Settlement for purposes of publication.  If

Exhibit 1
Page 50

preliminary approval is granted, the Parties and their attorneys shall refrain from initiating comments about the Settlement to any members of the press or any other person for the purposes of providing public comment regarding the Settlement except as required by the Court, pursuant to the notice program approved by the Court, or pursuant to the terms of the Settlement. Notwithstanding the foregoing, Class Counsel may place factual notices on their websites informing visitors to their websites of the case status, with links to the Settlement Website. However, if any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with the details of the Settlement as published pursuant to the preliminary approval order, without additional editorial statements, expression of personal opinion, or estimates of Settlement valuation. In no event shall the Class Plaintiff, Class Counsel, or their agents state to any person that the Settlement represents an acknowledgement by GTL or its agents and vendors of any wrongdoing or liability by any of them.  Nothing in this paragraph shall be interpreted to limit representations that the Parties or their attorneys may make to the Court to assist it in its evaluation of the proposed Settlement; nor shall it prohibit Class Counsel from communicating directly with a Class Member or Class Members once appointed as Class Counsel. If a Party is required by a valid, enforceable subpoena or government information request to disclose the Settlement or information about the Settlement, such Party shall provide reasonable prior written notice (to the extent permitted by applicable law) to the other Parties to allow the other Parties to seek to prevent such disclosure. GTL may also provide necessary and accurate information about the Settlement to its officers, directors, stockholders and other persons or entities as required by securities laws or other applicable laws or regulations.  The Parties agree that nothing in this Agreement shall be construed to prohibit communications between GTL or any other Released Parties, on the one hand, and Settlement Class Members, on the other hand, in the regular course of GTL's business.

17.   **RELEASE OF CLAIMS**

17.1   As of the Effective Date, Class Plaintiff, and the Settlement Class Members provide the following releases:

Exhibit 1
Page 51

**17.2** Class Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged GTL and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' contact or attempt to contact Settlement Class Members in connection with Notification Calls, calls made by automatic telephone dialing systems, and/or artificial or prerecorded voice calls to mobile telephones, to the fullest extent that those terms are used, defined or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA or any federal or state statutes relating to automatically dialed and/or prerecorded calls to mobile  telephones. (collectively, the "Released Claims").

**17.3   Waiver of Unknown Claims.**  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective.  This Section constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR

Exhibit 1
Page 52

HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**17.4**  Class Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Class Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.5**  **Covenant Not to Sue.**  Class Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## 18.  <u>TERMINATION OF AGREEMENT</u>

**18.1**  **Either Side May Terminate the Agreement.**  Class Plaintiff and GTL shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

    **(A)**  The Court rejects or declines to preliminarily or finally approve the Agreement,

    **(B)**  An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without substantial and material change by the Court on remand;

Exhibit 1
Page 53

**(C)**    The Effective Date does not occur; or

**(D)**    Any other ground for termination set forth in this Agreement.

**18.2    Termination on Large Number of Opt-Outs.**    All Settlement Class Members will be bound by all determinations and judgments in the Action.  In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds five percent (5%) of the class, GTL, in its sole and absolute discretion, may terminate this Agreement.

**18.3    Revert to Status Quo.**  If either Class Plaintiff or GTL terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded by GTL.

## 19.    TAXES

**19.1    Qualified Settlement Fund.**  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and shall at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section **10**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**19.2    Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and

Exhibit 1
Page 54

properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**19.3    Taxes Paid By Administrator.**  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon GTL or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

**19.4    Expenses Paid from Fund.**  Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **10**, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**19.5    Responsibility for Taxes on Distribution.**  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**19.6    GTL Is Not Responsible.**  In no event shall GTL or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Class shall indemnify and hold GTL and the other Released Parties harmless from all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

**20.    <u>MISCELLANEOUS</u>**

**20.1**    This Agreement shall be governed by the laws of the State of California.

Exhibit 1
Page 55

**20.2    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**20.3    No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**20.4    Entire Agreement.**  This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**20.5    Authority.**  Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**20.6    No Assignment.**  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**20.7    Receipt of Advice of Counsel.**  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and

Exhibit 1
Page 56

the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**20.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**20.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**20.10   Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

As to Class Plaintiff and Settlement Class                As to GTL:

Timothy J. Sostrin                          Robert J. Herrington
Keogh Law, LTD.                          GREENBERG TRAURIG, LLP
55 W. Monroe St., Ste. 3390               1840 Century Park East, Suite 1900
Chicago, IL 60603                          Los Angeles, CA 90067


**20.11   Future Changes in Laws or Regulations.**  To the extent Congress, the Federal Communications Commission, or any other governing regulatory or legal authority promulgates any new or different law, regulation, rule, requirement, declaration, and/or order that would govern GTL's practices, including Notification Call practices and the modifications to Notification Call practices described in paragraph 9.2 of this Agreement, those laws, regulations, rules, requirements, declarations, and/or orders, rather than this Agreement, shall control as to the

Exhibit 1
Page 57

conduct of GTL thereafter.  GTL shall be permitted and expressly is permitted by this Agreement to further modify its practices, including the practices as modified as described in paragraph 9.2 of this Agreement, in any respect in response to any such changes to or new or different governing laws, including but not limited to the TCPA, regulations, rules, requirements, declarations, and/or orders, and such further modifications in that instance are not and shall not be deemed a breach of this Agreement.

  **20.12   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

  **20.13   Resolution of Disputes.**   The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or a mediator upon agreement of the Parties.

  **IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**          Dated:  _2/15_ , 2017

David Martin

**Global Tel*Link Corporation:**      Dated:  _____, 2017

By:   _____

Its:   _____

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.          Dated:  _____, 2017

Exhibit 1
Page 58

conduct of GTL thereafter.  GTL shall be permitted and expressly is permitted by this Agreement to further modify its practices, including the practices as modified as described in paragraph 9.2 of this Agreement, in any respect in response to any such changes to or new or different governing laws, including but not limited to the TCPA, regulations, rules, requirements, declarations, and/or orders, and such further modifications in that instance are not and shall not be deemed a breach of this Agreement.

    **20.12   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

    **20.13   Resolution of Disputes.**   The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or a mediator upon agreement of the Parties.

    **IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                             Dated: _____, 2017


_____

David Martin


**Global Tel*Link Corporation:**                         Dated: FEB. 15 , 2017

By: _____

Its: _PRESIDENT & COO_


**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                              Dated: _____, 2017

Exhibit 1
Page 59

By:    Timothy J. Sostrin

Dated: 2/15, 2017

Lester & Associates

By:    Patric Lester

**Global Tel*Link Corporation's Counsel**

Greenberg Traurig, LLP

Dated: _____, 2017

By:    Robert J. Herrington

33

Exhibit 1
Page 60

By:    _____
       Timothy J. Sostrin

                                                  Dated: _____, 2017

Lester & Associates

By:    _____
       Patric Lester


**Global Tel*Link Corporation's Counsel**

Greenberg Traurig, LLP                          Dated: *Feb. 15*, 2017

By:    _____
       Robert J. Herrington

Exhibit 1
Page 61

Exhibit 1
Page 62

**<u>EXHIBIT 1</u>**

**<u>CLAIM FORM</u>**

Exhibit 1
Page 63

### David Martin v. Global Tel*Link Corporation
### United States District Court, Central District of California, Case No. 2:15-cv-02495

_____, Settlement Administrator
PO Box [_____]
[_____]

Toll-Free Number: x-xxx-xxx-xxxx
Website: www.**GTLTCPASettlement**.com

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU <u>MUST</u> PROVIDE THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> _____, 2017.**

1. **CLAIMANT INFORMATION IF DIFFERENT FROM ABOVE OR ABOVE IS BLANK:**

_____   _____   _____
FIRST NAME                              MIDDLE NAME            LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____   _____  _____ - _____
CITY                                                                            STATE           ZIP          (optional)

_____         _____
Mobile Phone Number Called                     E-MAIL ADDRESS (if applicable)

_____
Claim ID (If notice was mailed to you, this can be found on Mailed Notice)

2. **AFFIRMATION:**

By signing below, I affirm that the information above is true and accurate.

Signature: _____

Name (please print): _____

Date: _____

3. **TELEPHONE RECORDS**

If you do not have a Claim ID and your telephone number is not on the Settlement Class List, you **must** submit this claim form by mail and attach telephone records establishing receipt of a Notification Call.

**QUESTIONS? VISIT www.GTLTCPASettlement.com OR CALL [_____] or Class Counsel at 866.726.1092.**

Exhibit 1
Page 64

**<u>EXHIBIT 2</u>**

**<u>FINAL APPROVAL ORDER</u>**

Exhibit 1
Page 65

1

2

3

4

5

6

7

8

9

10 **UNITED STATES DISTRICT COURT**

11 **CENTRAL DISTRICT OF CALIFORNIA**

12 ALICE LEE, et al., | Case No. 2:15-cv-02495-ODW-PLA
13 | [consolidated with 2:15-cv-03464-ODW-
Plaintiffs, | PLA]
14
15 v. | **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**
16 GLOBAL TEL*LINK CORPORATION, | Hon. Otis D. Wright II
17 Defendant.

18

19

20

21

22

23

24

25

26

27

28

This matter previously came before the Court on Plaintiff David Martin's Motion for Preliminary Approval of the proposed class action settlement of the case entitled *Martin v. Global Tel*Link Corporation* (the "Action"). Upon consideration of the Settlement Agreement, Preliminary approval motion, and the record, the Court entered an Order  (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order").

Thereafter, Class Plaintiff filed a Motion for Final Approval of the proposed class settlement and Class Plaintiff's Motion for Attorneys' Fees and Expenses, and Motion for Service Award. The Court held a Final Approval Hearing on _____, 2017, for which notice was duly given in accordance with this Court's Preliminary Approval Order. The Court has considered all proceedings and filings in this matter, and is fully informed regarding the facts surrounding the proposed settlement. The Court approves the proposed settlement as fair, reasonable, and adequate, and finding no just reason for delay, the Court enters this Final Approval Order, which constitutes a final judgment and adjudication on the merits of all claims of the Settlement Class.

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     **Definitions.** The Settlement Agreement and Release dated February 15, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No.___) are also incorporated by reference in this Final Approval Order.

2.     **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over the Parties, and over all Settlement Class Members with

- 2 -

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

2:15-CV-02495-ODW-PLA

Exhibit 1
Page 67

respect to the Settlement Class conditionally certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons using and/or subscribing to a mobile telephone number to which a Notification Call (as defined in the Settlement Agreement) was placed during the Class Period, which is from December 5, 2010 through the date of entry of this Preliminary Approval Order. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

3.    **Settlement Approval.** The Court hereby grants final approval of the Agreement, which has been filed with the Court and shall be deemed incorporated herein. The Court hereby finds the Agreement to be fair, reasonable, and adequate, as to all Settlement Class Members. The Court finds that the Agreement is within the authority of the Parties and the product of arm's length settlement negotiations between Plaintiff and GTL.

4.    **Class Certification.** The Court confirms that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 as found in the Preliminary Approval Order. Accordingly, the Court hereby finally certifies the Settlement Class for settlement purposes.

5.    **Notice.** The Court hereby finds and concludes that Class Notice was disseminated to Settlement Class Members in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order. The Court further finds and

- 3 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

2:15-CV-02495-ODW-PLA

TCO 362273933v3

Exhibit 1
Page 68

concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all Settlement Class Members that could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Agreement and this Final Approval Order.

6.  **Notifications to Appropriate Federal and State Officials**. The Court finds that the notice requirements set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b), have been satisfied, and that more than ninety (90) days have elapsed since that notice was provided, as required by 28 U.S.C. § 1715(d).

7.  **[Exclusion from Settlement Class**. Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement. Exhibit A, attached hereto, lists the Settlement Class Members who timely requested exclusion from the Settlement Class.  Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.]

8.  **[Objections Overruled**.  For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and GTL's respective pleadings, the Court overrules all objections to the Agreement.] [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.]

9.  **Service Award.**  Class Plaintiff, David Martin, moved for payment of an incentive award from the Settlement Fund as compensation for the time, effort, and risk he undertook as representative of the Settlement Class.  The Court hereby awards $_____ to David Martin, to be paid from the Settlement Fund.

- 4 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
2:15-CV-02495-ODW-PLA

TCO 362273933v3

Exhibit 1
Page 69

10.   **Class Counsel Fee and Cost Award.**  Class Counsel moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses.  Pursuant to Rules 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law:

a.   The Class Settlement confers substantial benefits on the Settlement Class Members.  The value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a reasonable and adequate portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

b.   Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court, devoting substantial time and effort to the litigation of this Action, on a contingent basis;

c.   Class Counsel invested significant time and accumulating costs with no guarantee of compensation;

d.   Class Counsel employed their knowledge of and experience with class action litigation and the TCPA in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and their experienced and capable counsel;

e. The Agreement was obtained as a direct result of Class Counsel's advocacy;

f. The Agreement was reached following extensive negotiation between Class Counsel and Counsel for GTL, and was negotiated in good-faith and in the absence of collusion;

g. The Class Plaintiff has reviewed the Agreement and been informed of Class Counsel's Motion for Attorneys' Fees and Costs and has approved;

h. The Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to $_____ plus expenses incurred in the prosecution of the Action, to be paid from the Settlement Fund;

i. That \_\_\_\_\_ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses; and

j. That counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

Accordingly, Class Counsel are hereby awarded $ _____ from the Settlement Fund, as their fee award, and $_____ for reimbursement of expenses, which the Court finds to be fair and reasonable, and which amounts shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of

TCO 362273933v3

the Agreement.  Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees and expenses that are awarded amongst and between Class Counsel.

11.   **Payment Timing.**  The fee and cost award to Class Counsel, the Service Award to the Class Plaintiff, and the Settlement Awards shall be paid in accordance with and at the times prescribed by the Agreement.

12.   **Distribution of Settlement Fund.**  The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Attorneys' Fees and Costs, the Service Award, and the Settlement Awards to the Settlement Class Members, including the Second Distribution and disposition of any Remaining Funds thereafter.  Should any Remaining Funds be distributed, the Court hereby approves National Consumer Law Center ("NCLC") as the *cy pres* recipient.  The funds to NCLC shall be earmarked for work associated with the FCC and Congress to protect consumer protections under the TCPA.  The Court finds NCLC to be closely aligned with the Settlement Class's interests.

13.   **Release.**  As of the Effective Date, the Class Plaintiff and each and every one of the Settlement Class Members, are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Additionally, as of the Effective Date, pursuant to the releases given under the Agreement, the Released Claims are unconditionally, fully, and finally released and forever discharged as against the Released Parties, as fully set forth in the Agreement.  Also as of the Effective Date,

- 7 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
2:15-CV-02495-ODW-PLA

Exhibit 1
Page 72

any rights of Class Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws are waived and terminated.

14. **Final Judgment and Dismissal with Prejudice.** This is the final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in this Final Approval Order and Judgment of Dismissal.

15. **No Admission.** Neither this document, nor te Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by GTL, or the truth of any of the claims.

16. **Continuing Jurisdiction**. Without affecting the finality of this Final Approval Order and Judgment of Dismissal, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Service Award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement. In the event that any provision of the Agreement or this Final Approval Order is asserted by GTL as a defense in whole or in part to any claim, or otherwise asserted (including,

- 8 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
2:15-CV-02495-ODW-PLA

Exhibit 1
Page 73

without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

**IT IS SO ORDERED.**

Dated:_____     _____
                                  Hon. Otis D. Wright, II
                                  United States District Judge

- 9 -
[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
2:15-CV-02495-ODW-PLA

TCO 362273933v3

Exhibit 1
Page 74

**EXHIBIT 3**

**MAIL NOTICE**

Exhibit 1
Page 75

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

**If you received a call on your mobile phone from Global Tel\*Link, you may be entitled to money under a class action settlement.**

*GTL TCPA Litigation*
Settlement Administrator
P.O. Box _____
CITY, ST ZIP _____

«Barcode»
Postal Service: Please do not mark barcode

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

ATF – «ClaimID» «MailRec»

This is an official court notice from the United States District Court for the Central District of California, *Martin v. Global Tel\*Link Corporation*, Case No. 2:15-cv-02495, of a proposed class action settlement alleging that GTL placed robocalls to mobile telephones in violation of a federal law, the Telephone Consumer Protection Act (TCPA).

«First 1» «Last 1»
«CO»
«Addr2»
«Addr1»
«City», «ST» «Zip» «Country»

**Why am I getting this Notice?**   You were identified as someone who may have received a call on a mobile phone from GTL using a prerecorded voice message. Plaintiff David Martin alleges that certain calls by GTL violated the TCPA. GTL denies any wrongdoing. This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.GTLTCPASettlement.com or call calling [INSERT NUMBER].

**What does the Settlement Provide?**   GTL has agreed to pay a total of $8,800,000 into a Settlement Fund, which will pay for the class members' claims, settlement costs, and any attorneys' fees, expenses, service awards, and charitable contributions awarded by the Court. Counsel for the class estimate that a Settlement Class member who submits a valid claim form ("Claim Form") may receive a cash award of between $XXX to $XX. Plaintiff will petition for a service award not to exceed $X for his work in representing the Class and Class Counsel's fees equal to _____ of the settlement fund, not to exceed $___, plus expneses.

**How can I receive a payment?**   To receive payment, you must obtain, complete, and submit a valid Claim Form no later than Xxxxxx XX, 2017 either online at www.GTLTCPASettlement.com, or by calling [INSERT HOTLINE], or by mail postmarked no later than Xxxxxx XX, 2017. If you mail your claim form, it must be sent to the Settlement Administrator at the address on the front of this postcard. You must follow the specific instructions set forth at www.GTLTCPASettlement.com.

**What if I do nothing?**   If you do nothing, you will not be eligible for payment. But you will still be bound by the settlement and you will release GTL from liability.

**How can I exclude myself?**   If you wish to exclude yourself from the settlement, you must send a letter requesting exclusion to the Settlement Administrator postmarked no later than Xxxxxx XX, 2017 at the address on the front of this postcard. You must follow the specific instructions set forth at www.GTLTCPASettlement.com.

**How can I object?**   To object to any part of the settlement, you must file a written objection with the Court by Xxxxxx XX, 2017 and mail a copy to both class counsel and defense counsel. You must follow the specific instructions set forth at www.GTLTCPASettlement.com. The Court will hold a hearing on *[MONTH & DAY], 2017_*, at **XX:XX**, to consider whether to approve the settlement, and the attorneys' fees and expenses requested. You or your lawyer may ask to appear and speak at your own expense. Further information and instructions are set forth at www.GTLTCPASettlement.com.

Exhibit 1
Page 76

**EXHIBIT 4**

**PRELIMINARY APPROVAL ORDER**

Exhibit 1
Page 77

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE LEE, et al., | Case No. 2:15-cv-02495-ODW-PLA |
| Plaintiffs, | [consolidated with 2:15-cv-03464-ODW-PLA] |
| v. | **[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING** |
| GLOBAL TEL*LINK CORPORATION, | |
| Defendant. | Hon. Otis D. Wright II |

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2)
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING
NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

Exhibit 1
Page 78

TCO 362273930v3

This matter came before the Court on Plaintiff David Martin's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Martin v. Global Tel*Link Corporation</u> (the "Action"). The Action was brought by plaintiff David Martin ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Global Tel*Link Corporation ("GTL" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Class Action Settlement Agreement and Release (the "Agreement") and the Motion for Preliminary Approval of Settlement, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all remaining claims alleged in the Consolidated Class Action Complaint filed in the Central District of California on August 14, 2015.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and should be approved; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and with the assistance of an experienced mediator; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration

- 2 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

Exhibit 1
Page 79

1 | (Exs. 1, 3, 5 and 6 to the Agreement), that notice is appropriate and warranted.

2 | Therefore, the Court grants preliminary approval of the Settlement.

3 |   5.   <u>Conditional Class Certification for Settlement Purposes Only</u>.  The

4 | Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally

5 | certifies, for purposes of this Settlement only, the following Settlement Class:

6 |    All persons using and/or subscribing to a mobile telephone number to

7 |    which a Notification Call (as defined in the Settlement Agreement) was

8 |    placed during the Class Period, which is from December 5, 2010 through

9 |    the date of entry of this Preliminary Approval Order.  Excluded from the

10 |    Settlement Class are the Judge to whom the Action is assigned and any

11 |    member of the Court's staff and immediate family, and all persons who

12 |    are validly excluded from the Settlement Class.

13 |   6.   Solely for the purposes of settlement, the Court preliminarily finds

14 | that the prerequisites for certification a class action for settlement purposes under

15 | Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied.   The Court makes the

16 | following preliminary findings:

17 |    (a)   The Settlement Class appears to be so numerous that joinder of

18 | all members is impracticable;

19 |    (b)   There appear to be questions of law or fact common to the

20 | Settlement Class for purposes of determining whether the Settlement should be

21 | approved;

22 |    (c)   Plaintiff's claims appear to be typical of the claims being

23 | resolved through the Settlement;

24 |

25 |        - 3 -

26 | [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2)
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING

27 | NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

28 |              2:15-CV-02495-ODW-PLA

Exhibit 1
Page 80

(d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)     Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representative</u>.  The Court appoints Plaintiff David Martin to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court appoints Keogh Law, Ltd. and Lester & Associates as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2017, at 350 W. 1st Street, Courtroom 5D, Los Angeles, CA, 900012, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than __[130 days after the entry of this order]____, 2017, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the

- 4 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 81

service award to the Plaintiff.  No later than ____[210 days after the entry of this order]____, 2017, the parties must file papers in support of final approval of the Settlement and respond to any written objections.  The Court may postpone, adjourn, or continue the Final Approval Hearing without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement as the Final Judgment in this Action, which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

10.    Settlement Claims Administrator.   Kurtzman Carson Consultants is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11.    Class Notice.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using post card and/or email notice), through establishment of a Settlement Website, and through publication via Facebook News Feed, as more fully described in the Preliminary Approval Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____[120 days after the entry of this order]_____, 2017 ("Notice Deadline").

12.    The Claims Administrator shall file with the Court by no later than ____[210 days after the entry of this order]_____, 2017, proof that notice was provided in accordance with the Agreement and this Order.

- 5 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 82

13.     Cost of Class Notice and Claims Processing. Defendant shall bear all costs of notice to the Settlement Class and of processing claims, which shall be paid from the Settlement Fund.

14.     Filing of CAFA Notice. No later than _____[210 days after the entry of this order] _____, Defendant, or the Claims Administrator if so delegated pursuant to the Agreement, shall file with the Court a declaration regarding compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

15.     Opt-Out and Objection Deadline. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____[sixty (60) days after the Notice Deadline] _____, 2017. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

16.     Exclusion from the Settlement Class. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the mobile telephone number on which the person seeking exclusion received the call or calls associated with the request for exclusion, and (iv) include the following statement: "I request to be excluded from the settlement in the GTL TCPA action, and to waive all rights to

- 6 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 83

the benefits of the settlement."  No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

17.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than twenty-eight (28) days before the Final Approval Hearing, the Claims Administrator will file with the Court a declaration that lists all of the exclusion requests received.

18.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

20.     Objections to the Settlement.  To object to the Settlement, Settlement Class  Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Settlement Class Members also must mail (postmarked no later than the Opt-Out and Objection Deadline) a copy of their written objections to each of the following: (a) Class Counsel – Timothy Sostrin, Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (b) GTL's Counsel – Robert Herrington, Greenberg Traurig, LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067.  In connection with an objection, the Settlement Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the

- 7 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 84

Parties to confirm, that the objector is a Settlement Class Member, including providing including providing a valid Claim ID or a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call, full name, address, the mobile telephone number called, (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing, they must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  The Court will not consider an objection unless the objection complies with these requirements.

21.      Any Settlement Class Member who fails to comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

22.      <u>Claims Procedures</u>. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached to the Agreement. A properly executed

- 8 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 85

Claim Form must be submitted as required in the Class Notice on the settlement

website, via telephone, or postmarked not later than sixty (60) days after the Notice

Deadline.

23.   <u>Stay of Other Proceedings</u>.  Pending the final determination of

whether the Settlement should be approved, all pre-trial proceedings and briefing

schedules in the Action are stayed.

24.   Pending the final determination of whether the Settlement should be

finally approved, Plaintiff and all persons in the Settlement Class are hereby stayed

and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting,

either directly or indirectly, any Released Claims in any judicial, administrative,

arbitral or other forum, against any of the Released Parties.  Such injunction will

remain in force until the Court enters the Final Approval Order or until such time

as the Parties notify the Court that the Settlement has been terminated.  Nothing

herein will prevent any person in the Settlement Class, or any person actually or

purportedly acting on behalf of any such person (s), from taking any actions to stay

or dismiss any Released Claim(s).  This injunction is necessary to protect and

effectuate the Agreement, this Preliminary Approval Order, and the Court's

flexibility and authority to effectuate the Agreement and to enter judgment when

appropriate, and is ordered in aid of this Court's jurisdiction and to protect its

judgments.  This injunction does not apply to any person who requests exclusion

from the Settlement.

25.   If for any reason whatsoever this Settlement is not finalized or the

Settlement as detailed in the Agreement is not finally approved by the Court, the

certification of the Settlement Class shall be void and the Parties and the Action

- 9 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2)
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING
NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

Exhibit 1
Page 86

will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Classes, GTL, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in this Action or in any other proceeding.

26.     <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary, including, by way of example, modifications based on market availability to the anticipated domain name internet address for the Settlement Website.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27.     <u>Reservation of Rights and Retention of Jurisdiction</u>. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

- 10 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 87

28.     Schedule of Future Events.  Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2017<br>[120 days after the entry of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2017<br>[130 days after the entry of this Order] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Motion for Service Award |
| _____, 2017<br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2017<br>[60 days after the Notice Deadline] | Deadline for  Rule 23(b)(3) Class Members to Submit a Claim Form (Claim Period) |
| _____, 2017<br>[210 days after the entry of this Order] | Deadline for Parties to file the following:<br>(1) Proof of Class Notice;<br>(2) Proof of CAFA Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2017 at _____ _.m. | Final Approval Hearing |

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 88

| | |
|---|---|
| [No earlier than 238 days after the entry of this Order] | |

IT IS SO ORDERED.

Dated:_____        _____
                                     Hon. Otis D. Wright, II
                                     United States District Judge

- 12 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2)
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING
NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

2:15-CV-02495-ODW-PLA

TCO 362273930v3

Exhibit 1
Page 89

**EXHIBIT 5**

**WEBSITE NOTICE**

Exhibit 1
Page 90

### David Martin v. Global Tel*Link Corporation
#### *United States District Court, Central District of California*
### Case No. 2:15-cv-02495

**If you received a call on your mobile phone from Global Tel*Link, you may be
entitled to money under a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $8,800,000 (the "Settlement Fund") to
  fully settle and release claims of persons using and/or subscribing to a mobile
  telephone number to which GTL placed a "Notification Call" (as that term is
  defined below) during the period from December 5, 2010 through the date of entry
  of the Preliminary Approval order.**

- **Plaintiff David Martin alleges that these Notification Calls violated the federal
  Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  GTL
  denies Plaintiff's allegations and denies any wrongdoing whatsoever.  The Court has
  not ruled on the merits of Plaintiff's claims or GTL's defenses.  By entering into the
  settlement, GTL has not conceded the truth or validity of any of the claims against
  it.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement,
  including awards to Settlement Class members who submit a valid and timely claim
  form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys
  representing Plaintiff and the Settlement Class ("Class Counsel"), any service
  award for Plaintiff, and the costs of notice and administration of the settlement.
  Class Counsel estimate that Settlement Class members who timely submit a valid
  Claim Form will receive between $XXX and $XXX.   Monies remaining in the
  Settlement Fund after these payments are made will be distributed to a charity
  approved by the Court only if a second distribution is not feasible.**

- **Your rights and options, and the deadlines to exercise them, are explained in this
  Notice.  Your legal rights are affected whether you act or do not act.  Read this
  Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by Xxxx XX, 2017, you will receive a payment and will give up your rights to sue GTL and/or any other released parties on a released claim.  Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here]. |

Exhibit 1
Page 91

| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against GTL and/or other released parties in the future. The deadline for excluding yourself is Xxxx XX, 2017.  To opt-out, you must follow the instructions below. |
|---|---|
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is Xxxx XX, 2017.  To obtain a benefit from this settlement, you must still submit a Claim Form.  If you submit only an objection, you will not receive any benefit from the settlement and you will give up your rights to sue GTL and/or any other released parties on a released claim.  To object, you must follow the instructions below. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up any rights you may have to sue GTL and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement.  To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear no later than Xxxx XX, 2017. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *David Martin v. Global Tel*Link Corporation*, Case No. 2:15-cv-02495 (Central District of California).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received an email or postcard about this settlement?**

If you received an email or postcard describing this settlement, that is because GTL's records indicate that you may be a member of the Settlement Class in this action.

## 3.  What is this class action lawsuit about?

In a class action, one or more people called a Class Representative (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. If the proposed class is certified by the court, then one court resolves the issues for all of the class members, except for those that exclude themselves from the class.

Here, Plaintiff claims that GTL violated the TCPA by placing Notification Calls through the use of an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent of the called party. GTL denies these allegations and denies any claim of wrongdoing. GTL has asserted various defenses and further denies that class members suffered any injury or damage. The court has not decided who is right, and the settlement resolves the lawsuit. The Court has conditionally certified a class action for settlement purposes only. The Honorable Otis D. Wright, II is the judge presiding over this action.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiff or GTL. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

## 5.  How do I know if I am a part of the settlement class?

The Court has certified a class action for settlement purposes only. The Settlement Class is comprised of:

> All persons using and/or subscribing to a mobile telephone number to which a Notification Call (as defined in the Settlement Agreement) was placed during the Class Period, which is from December 5, 2010 through the date of entry of this Preliminary Approval Order. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

> "Notification Call" means a call (i) placed by or on behalf of GTL, (ii) to a number attempted in a Failed Inmate Call Attempt, (iii) using a prerecorded voice message, (iv) to explain in sum and substance that inmate calls could not be completed and/or billed, and that the called party could take certain steps to arrange for billing and/or setup a prepaid account. For example, a prerecorded message for a Notification Call could take substantially the following form: "This is an important message from GTL about calls from an offender at a correctional facility. Para escuchar este mensaje en espanol, oprima el numero uno. Your telephone service provider is unable to bill you for these calls. If you wish to receive these calls, you must contact us at 1- 877-650-4249 to arrange for billing. To hear these instructions again, press 1. To end this call, please hang up."

"Failed Inmate Call Attempt" means a telephone call attempted by an inmate or prisoner through GTL's service to a phone number for which GTL had no billing relationship and therefore no means to bill the call to the called party.

If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.GTLTCPASettlement.com, you may write to the claims administrator at GTL Telephone Consumer Protection Act Litigation., c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

### 6.  Do I have lawyers in this case?

The Court has appointed the law firms of Keogh Law, Ltd and Lester & Associates as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 7.  How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of ___%__ of the Settlement Fund ($___,) to them for attorneys' fees, plus expenses.  Class Counsel also will ask the Court to approve payment of $X,000 to Plaintiff for his service as Class Representative.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.  What does the settlement provide?

**Settlement Fund**.  GTL will pay the total amount of $8,800,000 into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) any award of attorneys' fees to Class Counsel as approved by the Court, not to exceed ___%__ of the settlement fund ($__), plus expenses; (3) service award to the Plaintiff as approved by the Court, in an amount not to exceed $X,000; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a charitable contribution.  A copy of the entire Settlement with its complete terms is available at www.GTLTCPASettlement.com

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment.  To submit a Claim Form, follow the procedures described under Question 11 below.  Counsel for the class estimate that a Settlement Class member who submits a valid claim form ("Claim Form") may receive a cash award of between $XXX to $XX.

**No Portion of the Settlement Fund Will Return to GTL.**  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiff and the costs of notice and administration of  the settlement will be paid either:  (1) in a second distribution to

Settlement Class Members who submitted valid and timely Claim Forms and whose initial payments were cashed; or (2) if there are not enough funds to justify a second distribution, the remaining funds will be donated to _____. There will only be a second distribution if there are enough funds to pay each Settlement Class Member $10.00 or more through a second distribution. No portion of the Settlement Fund will return to GTL.

## 9. How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $XXX to $XXX. **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

## 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, GTL and/or any other Released Parties, as explained in the settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will be releasing GTL and the Released Parties from all the claims described and identified in the Settlement Agreement. The Settlement Agreement is available at www.GTLTCPASettlement.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. Unless you exclude yourself from the settlement, you will agree to release GTL and any other Released Parties, as defined in the settlement agreement, from any and all claims that arise from the automated and prerecorded calls to your cellular telephone at issue in this action.

In summary, the Release covers any and all claims as of the date of the Final Approval Order that arise out of or relate in any way to the Released Parties' contact or attempt to contact settlement class members in connection with automatically dialed and/or prerecorded calls to cellular telephones, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to automatically dialed and/or prerecorded calls to cellular telephones (collectively, the "Released Claims").

"Released Parties" means and refers to the Defendant Global Tel*Link Corporation and each and all of subsidiaries, parent companies, agents, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves or who are not Settlement Class Members.

## HOW TO OBTAIN A PAYMENT

**11.  How can I get a payment?**

To receive a payment, you must submit a Claim Form either online via the Settlement Website, via the Toll-Free Settlement Hotline, or by mail. If you are submitting your claim via the Settlement Website or the Toll Free Settlement Hotline, it must be submitted no later than Xxxxx XX, 2017. If you are mailing your Claim Form to the claims administrator, it must be postmarked by that date.

You may get a Claim Form on the Settlement Website, www.GTLTCPASettlement.com, or by calling the Toll-Free Settlement Hotline, _____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit it**.

To be valid, the Claim Form must be contain (1) either a valid Claim ID or a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call; (2) the Settlement Class Member's full name, mailing address, and e-mail address (if he or she has one); (3) for mailed Claim Forms, the Settlement Class Member's signature; (4) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation that all information contained in the Claim Form is true and accurate; and (5) for Claim Forms submitted via 800 number, an affirmation that by pressing "1" all information recited after the Claim ID is entered is true and accurate.

If you do not have a Claim ID and your telephone number is not on the Settlement Class List, you must submit a Claim Form by mail and attach telephone records establishing receipt of a Notification Call.

Any person who submits a Claim Form and is unable to provide one of the following, (i) a valid Claim ID, (ii) a telephone number on the Settlement Class List or (iii) telephone records establishing receipt of a Notification Call, shall not be a Settlement Class Member.

A Claim Form may be submitted by mail to the claims administrator at: GTL Telephone Consumer Protection Act Litigation., c/o _____, or via the Settlement Website [click here].

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on Xxxxx XX, 2017 to decide whether to approve the settlement. The hearing may be moved to a different date or time without additional notice, so it is a good

idea to check the Settlement Website at www.GTLTCPASettlement.com for updates. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.GTLTCPASettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

If you want to exclude yourself from the Settlement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than Xxxxxx XX, 2017 to the claims administrator at GTL Telephone Consumer Protection Act Litigation, c/o _____.**

Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the mobile telephone number on which the person seeking exclusion received the call or calls associated with the request for exclusion, and (iv) include the following statement: "I request to be excluded from the settlement in the GTL TCPA action, and to waive all rights to the benefits of the settlement." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**14. If I do not exclude myself, can I sue GTL for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) GTL or any Released Parties for the claims that this settlement resolves.

**15. If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the settlement is fair?**

If you are a Settlement Class Member, you can object to the settlement or any part of the settlement. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, **you must file your objections with the Court no later than <mark>Xxxxxx XX, 2017</mark>and mail your objections to the addresses below postmarked by that date.**

For Plaintiff:

For GTL:

Timothy J. Sostrin, Esq.
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

Robert J. Herrington
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

An objection **must**:

(A)     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing providing a valid Claim ID or a telephone number on the Settlement Class List or telephone records establishing receipt of a Notification Call, , full name, address, the mobile telephone number called, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel;

(B)     Include a statement of such Settlement Class Member's specific objections; and

(C)     State the grounds for objection and attach any documents supporting the objection.

Any person who submits an Objection and is unable to provide one of the following, (i) a valid Claim ID, (ii) a telephone number on the Settlement Class List or (iii) telephone records establishing receipt of a Notification Call, shall not be a Settlement Class Member.

You may, but do not have to, appear the Final Approval Hearing. If you or your attorney intend to make an appearance at the Final Approval Hearing, you **must**: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

**Even if you timely and properly object, you must submit a Claim Form to obtain a benefit from this settlement. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

## 17. What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

## 18.  What happens if I do nothing at all?

If you do nothing, you will not receive any monetary award and you will give up your rights to sue GTL and/or any other Released Parties on a Released Claim.  For information relating to what rights you are giving up, see Question 10.

### THE FINAL APPROVAL HEARING

## 19.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 2017 at the United States District Court for the Central District of California, 350 W. 1st Street, Courtroom 5D, Los Angeles, CA, 90012.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website at www.GTLTCPASettlement.com for updates.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in the Settlement Agreement, the Court also will consider them and will listen to people who have asked to speak at the hearing and filed the appropriate notice of appearance by the deadline for doing so.  The Court may also consider the requests by Class Counsel for attorneys' fees and expenses and for the Service Award to Class Plaintiff.

## 20.  Do I have to come to the hearing?

No.  Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense. If you or your attorney intend to make an appearance at the Final Approval Hearing, you must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear.  For this document to be considered, it must include your name, address, telephone number and your signature.  The document must be filed with the Court no later than _____20 days prior to Final Approval Hearing__.  You cannot speak at the hearing if you exclude yourself from the settlement.

### GETTING MORE INFORMATION

## 22.  How do I get more information?

This notice is only a summary of the proposed settlement.  You can get a copy of the settlement agreement by visiting the Settlement Website, www.gtlTCPASettlement.com, or you can write

to the address below or call the Toll-Free Settlement Hotline, _____.   You can also contact class counsel with any questions at 866.726.1092 or TCPAsettlement@keoghlaw.com

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, GTL OR GTL'S COUNSEL ABOUT THE SETTLEMENT.   ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

Exhibit 1
Page 100

**EXHIBIT 6**

**INTERNET PUBLICATION**

Exhibit 1
Page 101



Exhibit 1
Page 102



## Global TelLink TCPA Class Action

Sponsored · 

If you received a call on your mobile phone from Global Tel*Link, you may be entitled to money under a class action settlement.



**Global Tel*Link TCPA Class Action**

Learn More

gtltcpasettlement.com

 Like     Comment     Share

Exhibit 1
Page 103