**LESTER & ASSOCIATES**
PATRIC A. LESTER (SBN 220092)
(pl@lesterlaw.com)
5694 Mission Center Road, #385
San Diego, CA 92108
Telephone:  (619) 665-3888 / Fax: (314) 241-5777

**KEOGH LAW, LTD**
TIMOTHY J. SOSTRIN (*admitted pro hac vice*)
(TSostrin@KeoghLaw.com)
55 W. Monroe St., Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092 / Fax: (312) 726-1093
*Attorneys for Plaintiff David Martin and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE LEE, et al., | Case No. 2:15-cv-02495-ODW-PLA |
| | [consolidated with 2:15-cv-03464-ODW-PLA] |
| Plaintiffs, | |
| v. | **RESPONSE IN OPPOSITION TO PETITION FOR AN ORDER APPROVING DISTRIBUTION OF CY PRES FUNDS** |
| GLOBAL TEL*LINK CORPORATION, | |
| Defendant. | Date:      August 20, 2018 |
| | Time:      1:30pm |
| | Place:     350 W. 1st Street, |
| | Los Angeles, CA 90012 |
| | Courtroom 5D, 5th Floor |
| | |
| | HONORABLE OTIS D. WRIGHT II |
| | ACTION FILED:   DEC. 8, 2014 |
| | TRIAL:             VACATED |

Plaintiff David Martin ("Plaintiff") respectfully submits this response in opposition to Petitioner Human Rights Defense Center's (HRDC) Petition for an Order Approving Distribution of Cy Pres Funds and it Supplement in support of that petition. Docs. 197, 199. The petition should be denied for the following reasons:

### I.  The Petition Violates L.R. 6-1

L.R. 6-1 requires that a notice of motion be filed "not later than twenty-eight (28) days before the date set for hearing[.]" Petitioner filed its motion 19 days before the hearing date, which made a timely response impossible. *See* L.R. 7-9 (requiring any response to be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion[.]")

### II.  Petitioner Lacks Sufficient Interest to Intervene and Lack Standing

"When a non-party seeks to enter a lawsuit, the proper mechanism provided by the Federal Rules of Civil Procedure is a motion to intervene under Rule 24." *Langell v. Ideal Homes LLC*, 2016 U.S. Dist. LEXIS 159690, *6 (N.D. Cal. 2016). Petitioner HRDC has not filed a motion to intervene, nor does its "Petition for an Order Approving Distribution of Cy Pres Funds" establish that the requirements of Rule 24 are satisfied.

A non-party must have a "legally protectable interest" or an "existing legal right" in the property at issue rather than a "bare expectation" in order to intervene. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). Petitioner HRDC has not established any such legal right. It merely hopes the Court will award it cy pres funds.

For the same reason, HRDC lacks article III standing. *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.").

Likewise, even though the petition is signed on behalf of Ms. Beck and HRDC, it does not address Class Plaintiff's position that Ms. Beck is not a class member, and therefore lacks standing to object. ECF 196 p. 25.

### III. HRDC Is Not An Appropriate *Cy Pres* Recipient For This Case

"*[C]y pres* distribution must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members." *Nachsin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). HRDC may be well intentioned, but it fails to establish that it does any work relating to the class' claims in this case or even the objectives of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 277(b), which is the statute underlying this action. The TCPA protects these class members from non-consensual robocalls. *Id.* Neither HRDC's petition nor its website establish that HRDC has done any work relating to those objectives. See www.humanrightsdefensecenter.org.

The parties' proposed *cy pres* recipient, the National Consumer Law Center (NCLC), however, is at the forefront of protecting these class members' TCPA rights. *See* https://www.nclc.org/issues/robocalls-and-telemarketing.html/. NCLC has filed comments in numerous proceedings before the FCC, and amicus briefs in TCPA litigation all to protect those rights. *Id.* Thus, courts approving TCPA class settlements have found that NCLC "closely approximates the interests of the class and is an appropriate cy pres recipient." *Martinez v. Medicredit, Inc.*, 2018 U.S. Dist. LEXIS 81818, *5 (E.D. Mo. 2018) (awarding *cy pres* to NCLC in a TCPA class action settlement over objection by defendant because NCLC was most closely aligned with the class' interest); *Leung v XPO Logistics, Inc.*, 2018 U.S. Dist. LEXIS 89727, *41-43 (N.D. Ill. 2018) ("The Court finds that the selection of NCLC as *cy pres* recipient is reasonable, and will tend to further the goals of the TCPA").

Moreover, the Settlement Agreement *requires* NCLC to earmark any *cy pres* funds it receives for "working with the FCC and Congress to safeguard the protections of the TCPA." Doc. 135-2 at § 12.3. HRDC makes no such offer in its petition.

Instead, it promises to use any *cy pres* funds to "reduce prison phone rates for all persons who accept calls from prisoners." *Doc. 197* at p. 8. That objective, however, has no relation to the TCPA or this case. Indeed, the settlement agreement does not release any claims arising from allegations of excessive rates. *Doc. 135-2* at § 17.2. HRDC might

be an appropriate *cy pres* recipient in a case raising such claims (see *James v. Global Tel\*Link Corp.*, 2018 U.S. Dist. LEXIS 131892 (D. N.J. 2018) (excessive rate class certified)), but it is not an appropriate *cy pres* recipient in this case.

Respectfully submitted,
KEOGH LAW, LTD

By:    /s/ Timothy J. Sostrin
Attorney for Plaintiff David Martin

LESTER & ASSOCIATES

By:    s/ Patric A Lester
Attorney for Plaintiff David Martin